**FILED**

FEB 1 8 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HEAVEN MEDIA LIMITED,              §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §     Civil Action No. 1:22-cv-00025-LY
                                   §
REBECCA EVERTS AND RESET           §
NATION, LLC,                       §
                                   §
        Defendants.                §

## PLAINTIFF'S AMENDED COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff Heaven Media Limited ("Heaven Media") hereby complains of Defendants Rebecca Everts ("Everts") and Reset Nation, LLC ("Reset") (collectively, "Defendants").

### PARTIES

1.      Heaven Media is a United Kingdom private limited company that does business in the United States, including in the State of Texas.

2.      Everts is an individual residing in Travis County, Texas, whose counsel has agreed to accept service of process on her behalf.  Counsel for Everts has agreed to file an answer for Everts on or before February 21, 2022.

3.      Reset is a Texas limited liability company that may be served with process through its registered agent, Registered Agents, Inc., located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction because this case arises under the laws of the United States. 28 U.S.C. § 1331.  Specifically, this case arises in part under the Defend Trade

Secrets Act, 18 U.S.C. § 1836(c).  The Court has supplemental jurisdiction over the state law claims

asserted in this lawsuit.  28 U.S.C. § 1367.  The Court has personal jurisdiction over Everts because

she is domiciled in the State of Texas.  The Court has personal jurisdiction over Reset because it is

a Texas entity organized under the laws of the State of Texas.

5.      Venue is proper in the United States District Court for the Western District of Texas,

Austin Division, because both defendants reside in this district.  28 U.S.C. § 1391(b)(1).  Venue is

also proper in the Western District of Texas, Austin Division, because it is the judicial district in

which a substantial part, if not all, of the events or omissions giving rise to the claims in this

proceeding occurred.  28 U.S.C. § 1391(b)(2).

FACTS

6.      Heaven Media is a full service, international marketing agency, specializing in the

gaming, esports, and technology industries.  Heaven Media was formed in June of 2000 and was

an originator and leader in all aspects of marketing through social media, influencer campaigns,

creative services including graphic design, photography and videos, sponsorships, public relations,

gaming and consumer events and exhibitions, advertising, and loaning high end technology

equipment.  Heaven Media has spent over twenty years and has worked tirelessly to build its

marketing brand, reputation, and client base, diligently working to master its processes to gain client

trust and loyalty.  Heaven Media's continued success in what has recently become a highly

competitive industry depends in large part on its highly valuable trade secrets, industry and

customer-specific confidential information, resources, processes, goodwill, and reputation.

7.      On or about December 10, 2019, Heaven Media and Everts entered into a Freelance

Contractor Agreement (the "Contract"), dated November 21, 2019.  *See* Exhibit 1.  Heaven Media

engaged Everts to develop business opportunities and deliver business proposals to Heaven Media's

current and prospective clients.  Pursuant to the Contract, Everts' place of work was her own residence in Austin, Texas.

8.      The Contract was effective December 11, 2019, and the time period for the Contract was from January 2, 2020 through January 2, 2021.  On or around February 9, 2021 and continuing through February 24, 2021, the parties negotiated in good faith to extend the Contract, retroactive to January 3, 2021.  *See* Exhibit 2.  Although the parties exchanged redlines and negotiated a final version of the extended contract, Everts never returned a signed copy of the finalized agreement.

9.      Nonetheless, the parties continued to work and operate under the terms of Contract through August 25, 2021.  Everts continued to invoice Heaven Media for her services up to and through August 23, 2021.  Heaven Media continually and timely paid Everts pursuant to the terms and conditions of the Contract.  Everts' final invoice was submitted on August 23, 2021, her last day of work was August 25, 2021, and she received her full and final payment on August 27, 2021.

**A.      The Terms of Everts' Contract with Heaven Media.**

10.     Pursuant to the Contract, and as a condition of Everts' continued employment with Heaven Media, Everts expressly agreed to be bound by various policies and agreements.  During her employment, Heaven Media provided Everts with access to a substantial amount of confidential and proprietary information in exchange for Everts' agreement to keep such information confidential.  Such confidential and proprietary information includes, but is not limited to, client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns.  She used a work-provided computer that allowed her to access this confidential and proprietary information.

11.     To protect the value of Heaven Media's trade secrets and confidential business

information, Everts agreed to sign a Confidentiality and Non-Disclosure Agreement (the "NDA")

as part of the Contract. *See* Exhibit 1. Pursuant to the NDA, Everts expressly agreed to hold in

strict confidence, and not disclose, Heaven Media's confidential information. NDA, § 2. Everts

agreed to not use Heaven Media's confidential information for any purpose other than to perform

her obligations under the Contract. Contract, § 12.3.3. Everts expressly agreed that "confidential

information" as used in the Contract includes, but is not limited to, Heaven Media's business,

business plans, customers, financial data, projections, strategies, forecasts, analyses, studies, trends,

procedures, technologies, financial results, and revenue and cost projections. NDA, § 1.

12.     Everts expressly agreed that all Heaven Media confidential information shall be and

remain the property of Heaven Media and that Heaven Media's confidential information derives

independent economic value from not being generally known to the public or to other persons who

could obtain economic value from the disclosure or use of the confidential information. NDA, §§

4-5. Everts expressly agreed that any breach or threatened breach of the NDA shall constitute a

material breach of the NDA that may cause irreparable injury to Heaven Media, not readily

measurable in money, and for which Heaven Media shall be entitled to injunctive relief, including

a temporary restraining order, preliminary injunction, and other appropriate remedy. NDA, § 5.

13.     Everts further agreed that all "Intellectual Property Rights" and "Heaven Media

Materials" shall be owned by Heaven Media. Contract, § 7. Everts agreed that Heaven Media's

Intellectual Property Rights include:

> patents, utility models, rights to inventions, copyright and neighbouring and related
> rights, moral rights, trademarks and service marks, business names and domain
> names, rights in get-up and trade dress, goodwill and the right to sue for passing off
> or unfair competition, rights in designs, rights in computer software, database
> rights, rights to use, and protect the confidentiality of, confidential information
> (including know-how and trade secrets), and all other intellectual property rights,
> in each case whether registered or unregistered and including all applications and
> rights to apply for and be granted, renewals or extensions of, and rights to claim

priority from, such rights and all similar or equivalent rights or forms of protection
which subsist or will subsist now or in the future in any part of the world.

Contract, § 1.1. Everts agreed that Heaven Media Materials includes "all materials, equipment and

tools, drawings, specifications and data supplied by Heaven Media to [Everts]." Contract, § 3.3.10.

14.     Everts agreed to cooperate with Heaven Media in all matters relating to her services

and to comply with all instructions of Heaven Media.  Contract, § 3.3.1.  Everts expressly agreed

to hold all Heaven Media Materials in safe custody, maintain Heaven Media Materials in good

condition until returned to Heaven Media, and not dispose or use Heaven Media Materials other

than in accordance with Heaven Media's written instructions or authorization.  Contract, § 3.3.10.

15.     Everts also agreed to a Restrictive Covenant, agreeing not to compete with Heaven

Media for 12 months following her "leave date," as follows:

| | |
|---|---|
| **9.** | **RESTRICTIVE COVENANTS** |
| 9.1 | Restriction is placed on competing activity at any time during the period of 12 months following leaving date, in North America.  On leaving, the Contractor cannot be in, or be concerned, engaged or interested in, or in any way assist, a business which competes with any business carried on by the Customer as at leaving date. This relates to business with clients who have traded with Heaven Media for services that Heaven Media has undertaken with those clients. |

Contract, § 9.

16.     Prior to, and at the time of Everts' "leave date" on August 25, 2021, Everts had

access to Heaven Media's trade secrets and other confidential and proprietary business information

pertaining to Heaven Media's business, including but not limited to client and prospective client

information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals,

statements of work, contact lists, marketing plans and presentations, and information on client

budgets and timelines for marketing campaigns.

B.  **Everts Embarks on a Scheme to Raid Heaven Media's Customers and Employees for the Benefit of Startup Company, Reset.**

17.     On August 12, 2021, Everts suddenly and surprisingly put in her two-weeks' notice with Heaven Media, with her leave date scheduled to be August 25, 2021.  Over the course of the next several months, Heaven Media began to learn that Everts had gone to work for Reset – a direct competitor – and covertly misappropriated and/or utilized Heaven Media's confidential and proprietary information, poached or attempted to poach Heaven Media's current and prospective clients, and solicited Heaven Media's employees to join her in a competing venture in direct violation of her contractual and statutory duties.  It has now been discovered that Everts violated the Contract by going to work for Reset before her engagement with Heaven Media ended, setting out to recreate the exact same team that she was previously leading at Heaven Media, and doing so while soliciting Heaven Media's clients and industry partners.  Everts was determined to create in weeks what it had taken Heaven Media decades to achieve.

18.     During a recent investigation it was specifically learned that in or around July 2021, while still employed with Heaven Media, Everts embarked on an aggressive and covert scheme to use Heaven Media's confidential and proprietary information, divert business opportunities away from Heaven Media, and solicit at least seven other Heaven Media employees to join her in her new competing venture, Reset, a company that did not previously compete with or offer the same services as Heaven Media.

19.     First, on July 8, 2021, a representative of Cloudhead Games, an established Heaven Media client, sent Everts a request for a proposal for work extending from mid-July through mid-October.  On July 12, 2021, while still employed with Heaven Media, Everts responded with a proposal through "the end of August . . . for the reasons that we discussed on the call," indicating that Everts had covertly discussed her planned departure from Heaven Media and future

employment with Reset with Heaven Media's client well before Everts put her two-weeks' notice in with Heaven Media:



20.     On July 19, 2021, the Cloudhead representative inquired as to what company Everts still worked for so that she could send a form addressed to the correct company.  That same day, Everts responded as follows, indicating that her move to Reset was imminent but not yet complete:



21.     On July 21, 2021, nearly one month before Everts' last day working for Heaven Media, Reset was formed in Austin, Texas with the filing of a Certificate of Formation in the Office of the Secretary of the State of Texas.  The timing of the formation of this brand new company indicates that Everts and Reset had been secretly planning to unlawfully compete with Heaven Media long before Everts' departure from Heaven Media.  Without access to Heaven Media's confidential and proprietary information – including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns – Reset, a brand new startup without any clients of its own and which did not previously compete with Heaven Media regarding the same services, would have no business competing with Heaven Media who had worked tirelessly over the last twenty years to build its marketing brand, reputation, and client base.

22.     On August 20, 2021, *while Everts was still employed with Heaven Media*, a

Cloudhead representative sent Everts an email to her new Reset company email address and copied another Heaven Media employee:

**From:** Leah Heneghan <leah@cloudheadgames.com>
**Sent:** Friday, August 20, 2021 1:17 PM
**To:** Zac Gunnell <zac@heavenmedia.com>; Rebecca Everts <rebecca@resetnation.gg>
**Subject:** Smoke & Thunder Shirts

Hello hello!

We'd like to send you two Smoke & Thunder t-shirts by way of a thank you - if you'd like one can you let me know what size I should order and where to send it?

We have both women's and Unisex styles - let me know your preference along with size.


Cheers & have a great weekend,
Leah


--
check out our latest **news!**

**Leah Heneghan** | General Manager

23.     This email demonstrates that, at least as of August 20, 2021, ***Everts was secretly working for Reset while still employed by Heaven Media*** in blatant violation of Everts' restrictive covenants and in breach of her fiduciary duties to Heaven Media.

24.     A calendar invite on September 8, 2021, again accidentally transmitted to Everts' old Heaven Media email address, demonstrates that Cloudhead (presumably at Everts' urging and thus in direction violation of the Contract) had established a new relationship with Reset and no longer was doing business with Heaven Media:



25.     Heaven Media also recently learned that in/around September 2021, Everts was fully engaged in her scheme to harm Heaven Media and violate her contractual and legal duties by poaching Heaven Media's employees that were previously under her direct supervision.  By way of example only, Heaven Media has recently obtained an email that was sent from representatives at Centro to Rhiannon Franz and Harrison Xu during their employment at Heaven Media.  *See* Exhibit 3.   The email was sent to Ms. Franz at the following email address: rhiannon@resetnation.gg.  Thus, at least as of September 20, 2021, Ms. Franz (a then current employee at Heaven) had secretly started to work with/for Everts at Reset.  Having directly hired and supervised Ms. Franz at Heaven Media, Everts and Reset knowingly assisted/encouraged Ms. Franz to violate her legal and contractual duties to Heaven Media.  Having violated her own duties and obligations, it comes as little surprise that Everts appears to have directed and encouraged others to do the same.  Mr. Xu, the other recipient of the September 20, 2021 email, would eventually join Everts and Ms. Franz at Reset, and upon information and belief, Everts and Reset engaged in the same improper scheme/conduct with Mr. Xu.

26.     Everts and Reset also solicited another long-time Heaven Media client, Razer, to switch to brand-new startup company, Reset.  On December 8, 2021, Everts accidentally forwarded the following email to an old Heaven Media email address demonstrating that Razer was now using

Reset for its influencer campaigns:

---------- Forwarded message ---------
From: **Jeff Marriott** <jeff@resetnation.gg>
Date: Mon, 6 Dec 2021 at 23:59
Subject: QTCinderella Posts for Approval
To: Rebecca Everts <rebecca@resetnation.gg>
Cc: Angela Lo <angela@resetnation.gg>

For your eyes first. Here's the content sent over from QT.

IG Caption: These are a few of my favorite things   Thank you @razer for the Quartz Razer Book with the long lasting battery I can stream whenever and wherever I want. #sponsored

Video read: https://drive.google.com/file/d/1LNC3iiz87O_RqyT5Ki-ikufOTqyCDfQs/view?usp=sharing

27.     Everts and Reset also solicited another Heaven Media client, Offworld Industries, to terminate their relationship with Heaven Media and divert their business to newly-formed Reset. On November 29, 2021, an Offworld employee advised Heaven Media that it would be terminating its relationship with Heaven Media. Later, on December 15, 2021, the Offworld representative sent Heaven Media another email asking for the return of certain information and copied Harrison Xu (now at Reset as shown by his new email address) in order to "expedite the process":

From: Cynthia Griffiths <cynthia.griffiths@offworldindustries.com>
Sent: Wednesday, December 15, 2021 12:45 PM
To: Matt Davis <matt.davis@heavenmedia.com>; Mark Reed <mark@heavenmedia.com>; Harrison Xu <harrison@resetnation.gg>
Subject: Release of OWI Advertising Data

Hey Matt,

We need Heaven to release our advertising data to us on Facebook. I know that Harrison can do this, so I am looping him in to help expedite the process. Can you please make sure he has whatever he needs in order to do this for us today?

Thank you!

--
Cynthia Griffiths
Senior Product Marketing Manager
Offworld Industries

## C.   After Raiding Heaven Media, Everts Destroys Evidence to Cover her Tracks.

28.     Although her final day with Heaven Media was August 25, 2021, Everts did not return her Heaven Media work laptop until nearly a month later, on September 24, 2021, when she delivered it to another Heaven Media employee, Matt Davis.  After finally receiving its computer from Everts, Heaven Media authorized a professional forensic audit of the various activities on that machine.  The results of that audit were shocking.  The audit revealed that, on August 26, 2021, the day after Everts' last day with Heaven Media and while the laptop was still in Everts' exclusive possession, the computer's hard drive had been purposefully wiped completely clean such that no artifacts of Everts' usage history remain on the device.  This wipe occurred after Everts had started working for Reset.  Although it is as yet unclear how Everts knew how to undertake a complete wipe of the laptop in order to purposefully destroy evidence, one thing is clear: Everts and Reset did not want Heaven Media to see exactly what they were up to in the weeks and months leading to Everts' departure from Heaven Media, and they took affirmative steps to ensure this took place.

**D.**   **Everts Continues to Cause Heaven Media Irreparable Harm and Refuses to Acknowledge Attempts at an Amicable Resolution.**

29.   Upon information and belief, Everts and Reset have attempted to solicit other prospective business from Heaven Media, including pitching and attempting to poach current clients of Heaven Media, leads which Everts only received by working in her capacity at Heaven Media, and by using Heaven Media's trade secrets and proprietary information.

30.   Upon information and belief, Everts and Reset utilized and will continue to utilize Heaven Media's confidential and proprietary information to steal Heaven Media's clients. Everts learned during her tenure at Heaven Media the names and contacts of every one of Heaven Media's clients and the rates charged for Heaven Media's services, making it easy for Everts and Reset to poach clients by undercutting prices.

31.   As shown on Everts' LinkedIn page, which Everts purposefully did not update until very recently, Everts is now the VP of Marketing Services at Reset, which is substantially the same as the position she held with Heaven Media:



Rebecca Everts
VP, Marketing Services
Austin, Texas, United States · 500+ connections

Reset

The University of Texas at Austin - The Red McCombs School of...

32.   Upon information and belief, Everts and Reset have also solicited at least five other Heaven Media employees to terminate their employment with Heaven Media and join her new

company Reset. In addition to Rhiannon Franz and Harrison Xu, referenced above, Heaven Media employees/contractors improperly solicited and poached by Everts and Reset include Reagan May; Dany Lofgren; Jeff Marriott; Faith Shaffner; and Angela Lo.

33.     Upon learning of Everts' wrongful actions in direct violation of her contractual obligations, Heaven Media sent a letter to Everts on October 11, 2021, advising Everts of her continuing obligations under the Contract and demanding Everts verify that she will abide by those obligations going forward. *See* Exhibit 4. Heaven Media has made numerous additional attempts to amicably resolve this dispute with Everts and Reset by reaching a commercial resolution of the issues raised in this lawsuit, but to no avail.

34.     Heaven Media has since learned of Defendants' continuing and ongoing unabashed scheme to poach employees, steal client relationships, misappropriate proprietary information, and destroy evidence on the way out the door. Heaven Media is now left with no choice but to seek immediate injunctive relief and ultimately damages to protect its business, its trade secrets, and ultimately put a stop to Defendants' improper solicitation and poaching of Heaven Media's current and prospective clients and employees.

35.     All conditions precedent to Heaven Media's recovery and Defendants' liability have occurred, have been performed, or have been waived.

**COUNT ONE: BREACH OF CONTRACT – RESTRICTIVE COVENANT**
**(Against Everts)**

36.     As a condition of her employment with Heaven Media, Everts agreed to the Restrictive Covenant as part of her Contract with Heaven Media, which is a valid and enforceable contract.

37.     As a party to the Restrictive Covenant, Heaven Media is a proper party to bring suit for its breach.

38.     Heaven Media performed, tendered performance, or was excused from performing its contractual obligations under the Contract.

39.     Pursuant to the terms of the Restrictive Covenant, Everts expressly agreed to not compete with Heaven Media at any time during the period of 12 months following her leave date on August 25, 2021. Specifically, Everts expressly agreed to not be in, or be concerned, engaged or interested in, or in any way assist, a business which competes with any business carried on by Heaven Media as of her leave date. The Restrictive Covenant specifically relates to business with clients who have traded with Heaven Media for services that Heaven Media has undertaken with those clients.

40.     Everts materially breached her obligations under the Restrictive Covenant by, among other things:

- forming or assisting in the formation of Reset, with the intent and purpose of directly competing with Heaven Media in the gaming, esports, and technology marketing industry;

- working for Reset, a direct competitor, while still employed with Heaven Media;

- soliciting Heaven Media's current clients away from Heaven Media and to Reset, including, without limitation, Cloudhead Games, Razer, and Offworld Industries;

- soliciting Heaven Media's current employees away from Heaven Media and to Reset, including, without limitation, Rhiannon Franz, Harrison Xu, Reagan May, Dany Lofgren, Jeff Marriott, Faith Shaffner, and Angela Lo;

- utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to solicit Heaven Media's current and prospective clients and employees away from Heaven Media and to Reset;

- diverting business opportunities away from Heaven Media and to Reset;

- utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to divert busines opportunities away from Heaven Media and to Reset; and

- assisting and conspiring with Reset in engaging in the wrongful actions described above.

41.     As a direct and proximate cause of Everts' material breaches of the Restrictive Covenant, Heaven Media has sustained damages in an amount to be determined at trial.

### COUNT TWO: BREACH OF CONTRACT – CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT
### (Against Everts)

42.     As a condition of her employment with Heaven Media, Everts agreed to the NDA as part of her Contract with Heaven Media, which is a valid and enforceable contract.

43.     As a party to the NDA, Heaven Media is a proper party to bring suit for its breach.

44.     Heaven Media performed, tendered performance, or was excused from performing its contractual obligations under the Contract.

45.     Pursuant to the terms of the NDA, Everts expressly agreed to hold in strict confidence, and not disclose, Heaven Media's confidential information. Everts agreed to not use Heaven Media's confidential information for any purpose other than to perform her obligations under the Contract. Everts expressly agreed that "confidential information" as used in the Contract includes, but is not limited to, Heaven Media's business, business plans, customers, financial data, projections, strategies, forecasts, analyses, studies, trends, procedures, technologies, financial results, and revenue and cost projections. Everts expressly agreed that all Heaven Media confidential information shall be and remain the property of Heaven Media and that any breach or threatened breach of the NDA shall constitute a material breach of the NDA.

46.    Everts materially breached her obligations under the NDA by, among other things:

- utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to solicit Heaven Media's current and prospective clients and employees away from Heaven Media and to Reset;

- utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to divert busines opportunities away from Heaven Media and to Reset; and

- wiping Heaven Media's computer in order to destroy and hide her usage history in the weeks and months leading up to her departure from Heaven Media.

47.    As a direct and proximate cause of Everts' material breaches of the NDA, Heaven Media has sustained damages in an amount to be determined at trial.

### COUNT THREE: BREACH OF CONTRACT[1] AND/OR DESTRUCTION OF HEAVEN MEDIA MATERIALS AND PROPERTY
### (Against both Defendants)

48.    The Contract is a valid and enforceable contract between Heaven Media and Everts.

49.    As a party to the Contract, Heaven Media is a proper party to bring suit for its breach.

50.    Heaven Media performed, tendered performance, or was excused from performing its contractual obligations under the Contract.

51.    Pursuant to Section 3.3.10 of the Contract, Everts expressly agreed to hold all Heaven Media Materials in safe custody, maintain Heaven Media Materials in good condition until returned to Heaven Media, and not dispose or use Heaven Media Materials other than in accordance with Heaven Media's written instructions or authorization.  Everts agreed that Heaven Media

---

[1] Heaven Media asserts breach of contract specifically only against Everts.

Materials includes "all materials, equipment and tools, drawings, specifications and data supplied by Heaven Media to [Everts]."

52.     Everts materially breached Section 3.3.10 of the Contract by wiping Heaven Media's computer in order to destroy and hide her usage history in the weeks and months leading up to her departure from Heaven Media.   Irrespective of the Contract, Defendants destroyed evidence and altered the computer, damaging Heaven Media.

53.     As a direct and proximate cause of Everts' material breaches of the Contract, as well as both Defendants destruction of Heaven Media property, Heaven Media has sustained damages in an amount to be determined at trial.

## COUNT FOUR: MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. § 1836
### (Against both Defendants)

54.     Heaven Media owns confidential and proprietary information which constitutes trade secrets, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, information on client budgets and timelines for marketing campaigns, marketing strategies, forecasts, and other business records, which are used in, or intended for use in, interstate or foreign commerce.

55.     This information is not known outside Heaven Media, and Heaven Media has taken reasonable steps to keep such information secret, including by requiring employees to sign confidentiality agreements as a condition of employment.  This information gives Heaven Media a competitive advantage over others in the industry, and, as Everts expressly agreed in the NDA, it derives independent economic value from not being generally known to others who could obtain economic value from its disclosure.

56.     Everts misappropriated Heaven Media's trade secrets by using and disclosing

Heaven Media's trade secrets without express or implied consent while under a duty to maintain their secrecy in order to solicit Heaven Media's current and prospective clients and employees away from Heaven Media and to Reset and divert other business opportunities from Heaven Media. These actions were in direct violation of confidential, contractual, and fiduciary obligations owing to Heaven Media.

57.      Reset misappropriated Heaven Media's trade secrets by acquiring Heaven Media's trade secrets with actual knowledge, or reason to know, that the trade secrets were acquired by Everts by improper means.  Reset further misappropriated Heaven Media's trade secrets by using the trade secrets without express or implied consent with knowledge, or reason to know, that the trade secrets were derived from Everts who had used improper means to acquire the trade secrets and/or derived from Everts who owed a duty to Heaven Media to maintain the secrecy of the trade secrets or limit the use of the trade secrets.

58.      As a direct and proximate result of Defendants' misappropriation of Heaven Media's trade secrets, Heaven Media has sustained damages in an amount to be determined at trial.

59.      Because Defendants' misappropriation was willful and malicious, Heaven Media also seeks an award of exemplary damages.

## COUNT FIVE: BREACH OF FIDUCIARY DUTY
### (Against Everts)

60.      As an employee and/or contractor of Heaven Media, Everts owed Heaven Media fiduciary duties, including the duties of loyalty, due care, good faith, candor, and full disclosure.

61.      Everts breached her fiduciary duties to Heaven Media by, among other things:

- forming or assisting in the formation of Reset, with the intent and purpose of directly competing with Heaven Media in the gaming, esports, and technology marketing industry;

- working for Reset, a direct competitor, while still employed with Heaven

**PLAINTIFF'S AMENDED COMPLAINT**                                                    **PAGE 19**

Media;

- soliciting Heaven Media's current clients away from Heaven Media and to Reset, including, without limitation, Cloudhead Games, Razer, and Offworld Industries;

- soliciting Heaven Media's current employees away from Heaven Media and to Reset, including, without limitation, Rhiannon Franz, Harrison Xu, Reagan May, Dany Lofgren, Jeff Marriott, Faith Shaffner, and Angela Lo;

- utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to solicit Heaven Media's current and prospective clients and employees away from Heaven Media and to Reset;

- diverting business opportunities away from Heaven Media and to Reset;

- utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to divert busines opportunities away from Heaven Media and to Reset;

- wiping Heaven Media's computer in order to destroy and hide her usage history in the weeks and months leading up to her departure from Heaven Media; and

- assisting and conspiring with Reset in engaging in the wrongful actions described above.

62.     As a direct and proximate result of Everts' breaches of her fiduciary duties, Heaven Media has suffered, and continues to suffer, substantial injury, for which Heaven Media seeks damages in amount to be determined at trial.

63.     Furthermore, because Everts breached her fiduciary duties intentionally, willfully, wantonly, maliciously, and without justification or excuse, Heaven Media is also entitled to recover punitive damages from Everts in an amount to be determined at trial.

**PLAINTIFF'S AMENDED COMPLAINT**                                          **PAGE 20**

## COUNT SIX: TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS
### (Against both Defendants)

64.     Heaven Media has valid and enforceable contractual relationships with clients, including, without limitation, Cloudhead Games, Razer, and Offworld Industries.  Heaven Media had valid and enforceable contractual relationships with employees, including, without limitation, Rhiannon Franz, Harrison Xu, Reagan May, Dany Lofgren, Jeff Marriott, Faith Shaffner, and Angela Lo.

65.     During her tenure at Heaven Media, Everts worked on various projects for the above-referenced clients, in her capacity as a contract employee of Heaven Media, and thus was fully aware of Heaven Media's contractual relationships with these existing clients.  During her tenure at Heaven Media, Everts worked alongside the above-referenced employees, and thus was fully aware of Heaven Media's contractual relationships with these employees.

66.     Defendants willfully and intentionally interfered with these contracts by soliciting these customers and employees away from Heaven Media and to Reset.  These actions violated Everts' contractual and fiduciary obligations to Heaven Media.  Defendants had actual knowledge of Heaven Media's contractual relationship with these clients and employees.

67.     But for Defendants' interference with Heaven Media's relationships with the above-referenced clients, there was a reasonable probability based upon the companies' pending contracts and projects with Heaven Media, communications between Heaven Media and the companies, and Heaven Media and the companies' past successful work relationships, that Heaven Media would have continued its business relationships with the aforementioned companies, and that the companies would have continued to hire Heaven Media for the projects that Defendants instead undertook for the companies with Reset.

68.     But for Defendants' interference with Heaven Media's relationships with the above-

referenced employees, there was a reasonably probability that each of these employees would have continued working for Heaven Media and not gone to work for Reset instead.

69.    As a direct and proximate result of Defendants' tortious interference, Heaven Media has sustained damages in an amount to be determined at trial.

70.    Because the tortious acts and conduct of Defendants were intentional, willful, wanton, malicious, and without justification or excuse, Heaven Media is also entitled to recover exemplary damages from Defendants in an amount to be determined at trial.

## COUNT SEVEN: TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS
### (Against both Defendants)

71.    Heaven Media has continuing business relationships with clients, including, without limitation, Cloudhead Games, Razer, and Offworld Industries.

72.    During her tenure at Heaven Media, Everts worked on various projects for these clients, in her capacity as a contract employee of Heaven Media, and thus was fully aware of Heaven Media's business relationships with these clients.

73.    Defendants willfully and intentionally interfered with these business relationships by soliciting these customers away from Heaven Media and to Reset. These actions violated Everts' contractual and fiduciary obligations to Heaven Media. Defendants had actual knowledge of Heaven Media's business relationship with these clients.

74.    But for Defendants' interference with Heaven Media's relationships with these clients, there was a reasonable probability based upon the companies' pending contracts and projects with Heaven Media, communications between Heaven Media and the companies, and Heaven Media and the companies' past successful work relationships, that Heaven Media would have continued its business relationships with the aforementioned companies, and that the companies would have continued to hire Heaven Media for the projects that Defendants instead

undertook for the companies with Reset.

75.     As a direct and proximate result of Defendants' tortious interference, Heaven Media has sustained damages in an amount to be determined at trial.

76.     Because the tortious acts and conduct of Defendants were intentional, willful, wanton, malicious, and without justification or excuse, Heaven Media is also entitled to recover exemplary damages from Defendants in an amount to be determined at trial.

**COUNT EIGHT: UNJUST ENRICHMENT**
**(Against both Defendants)**

77.     Defendants have wrongfully secured or passively received a benefit by using Heaven Media's confidential and proprietary information to solicit Heaven Media's current customers and divert business opportunities away from Heaven Media and to Reset.

78.     Defendants secured this benefit by fraud or by taking undue advantage of Heaven Media, and it would be unconscionable to allow Defendants to retain ill-gotten benefits at the expense of Heaven Media.

79.     Accordingly, Heaven Media seeks disgorgement of ill-gotten gains that Defendants obtained as a result of these wrongful actions.

**COUNT NINE: CONSPIRACY**
**(Against both Defendants)**

80.     Everts and Reset conspired to use Heaven Media's confidential and proprietary information to start a competing business by stealing Heaven Media's current employees and long-time clients.

81.     In furtherance of this agreement, Everts and Reset unlawfully (i) solicited Heaven Media's employees to join their new venture; (ii) solicited current customers, including Cloudhead Games, Razer, and Offworld Industries, to leave Heaven Media and begin doing business with

Reset; and (iii) solicited business opportunities away from Heaven Media and toward Reset. In doing so, Defendants misappropriated Heaven Media's trade secrets, breached fiduciary duties, and tortiously interfered with Heaven Media's contractual relationships.

82.    As a proximate result of this conspiracy, Heaven Media has suffered, and will continue to suffer, injuries and will continue to suffer substantial and irreparable harm. Defendants' actions were done intentionally, knowingly, and maliciously, entitling Heaven Media to exemplary damages.

## REQUEST FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY AND PERMANENT INJUNCTION
### (Against both Defendants)

83.    Heaven Media seeks injunctive relief to prevent Defendants from continuing to cause Heaven Media the irreparable harm described herein.

84.    As shown above, Heaven Media is likely to succeed on the merits of its claims. Everts, both before and during her employment at Reset, has breached her contractual and fiduciary obligations owing to Heaven Media by (i) working for Reset, a direct competitor, while still employed with Heaven Media and after her employment with Heaven Media while still under the obligations of her non-compete; (ii) soliciting Heaven Media's current clients and employees away from Heaven Media and to Reset; (iii) diverting business opportunities away from Heaven Media; (iv) utilizing Heaven Media's confidential and proprietary information, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, in order to unlawfully compete with Heaven Media in violation of her duties; and (v) destroying Heaven Media's Materials in order to hide evidence and cover up her wrongful actions described herein. Further,

Reset, as Everts' current employer, has conspired with Everts to tortiously interfere with Heaven Media's contractual relationships and misappropriate Heaven Media's trade secrets in order to gain an undue benefit at Heaven Media's expense. Reset is the beneficiary of Everts' wrongful acts and should not profit from her misdeeds.

85.     There is a substantial threat that Heaven Media will suffer irreparable injury without adequate remedy at law if an injunction is not granted. Heaven Media has spent over twenty years and has worked tirelessly to build its marketing brand, reputation, and client base, diligently working to master its processes to gain client trust and loyalty. As each day passes, Defendants are able to continue to utilize and disclose Heaven Media's confidential and proprietary information to solicit Heaven Media's clients and employees to leave Heaven Media and join the new startup company Reset. This harm is irreparable and without adequate remedy at law because ongoing client relationships, once lost, cannot be readily recaptured and it is difficult, if not impossible, to quantify the total damage flowing from the acts described above. If Defendants are not enjoined from disclosing Heaven Media's trade secrets and confidential information, Heaven Media will lose its trade secrets, the trade secrets will lose their value, and Heaven Media risks losing its competitive advantage that it cultivated and built through years of hard work for its clients and potential clients. Heaven Media is at risk that Defendants will further disseminate Heaven Media's trade secrets, and such disclosure, once made, cannot be undone. Everts' position at Reset involves the same or substantially similar job duties she performed for Heaven Media. It is highly probable that if Defendants are not restrained, Defendants will take, use, and disclose (or continue to take, use and disclose) Heaven Media's numerous trade secrets and other confidential proprietary information, without the consent of Heaven Media, and to the detriment of Heaven Media. Reset, a company that did not previously compete with Heaven Media, should not receive the benefit of Everts'

actionable conduct when Reset appears to have aided and abetted the same.

86.     Everts expressly agreed in the NDA that any breach or threatened breach of the confidentiality provisions would be a material breach that may cause irreparable injury to Heaven Media, and that Heaven Media, without waiving any other rights or remedies at law or in equity, shall be "entitled to injunctive relief, including a temporary restraining order, preliminary injunction and/or other appropriate remedy in order to specifically enforce the terms" of the Agreement.  NDA, § 5.

87.     Heaven Media would suffer substantially if the injunctive relief sought herein is denied, whereas Defendants would suffer minimally if the injunctive relief is granted.   The injunctive relief sought herein would not disserve the public interest.  Rather, the injunctive relief would promote the public's interest in protecting trade secrets and preventing the unlawful activities shown herein.

88.     Heaven Media respectfully requests that a temporary restraining order be issued, and preliminary and permanent injunctions be granted enjoining and restraining Defendants and all persons in active concert or participating with them from the following acts:

- using or disclosing any confidential or proprietary information related to Heaven Media, including client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, and other proprietary data or information that is valuable, special, and a unique asset of Heaven Media;

- using or disclosing any confidential or proprietary information related to Heaven Media described above for the purpose of soliciting, diverting, or appropriating any of Heaven Media's current or prospective clients;

- using or disclosing any confidential or proprietary information related to Heaven Media described above for the purpose of soliciting Heaven Media's employees or contractors;

- deleting, destroying, removing, concealing, or altering any documents, including emails and other electronically stored information, relevant to the claims in this lawsuit; and

- deleting, destroying, or removing any programs or information from any electronic device on which any information, communications or material relevant to the claims in this lawsuit may have at any time resided.

89.     Heaven Media respectfully requests that, in compliance with her Restrictive Covenant, Everts be restrained from the following acts:

- soliciting for employment or engagement any of Heaven Media's current employees or contractors or seeking to induce, influence, or encourage any employee or contractor to leave Heaven Media until August 25, 2022;

- soliciting, diverting, or appropriating any of Heaven Media's current or prospective clients until August 25, 2022; and

- working in the same or substantially similar capacity for any of Heaven Media's competitors, including, without limitation, Reset or its parent company Reset Nation Ltd, and soliciting, diverting, or appropriating any of Heaven Media's prospective customers in North America in connection with that work until August 25, 2022.

90.     Heaven Media respectfully requests that Defendants be ordered to immediately return all of Heaven Media's property in their possession, which includes, but is not limited to, client and prospective client information, client lists, client pitches, pitch decks, rate cards, pricing information, proposals, statements of work, contact lists, marketing plans and presentations, and information on client budgets and timelines for marketing campaigns, and other proprietary data or information that is valuable, special, and a unique asset of Heaven Media.

91.     Heaven Media is willing to post a reasonable bond for the relief sought.  In support of this application, Heaven Media offers the Declaration of Mike McKay and the Declaration of Matt Davis, which are attached as Exhibits A and B, respectively, and fully incorporated herein by reference.

## ATTORNEYS' FEES

92.     Heaven Media has presented its claims and is entitled to its reasonable and necessary attorneys' fees under Section 38.001(8) of the Texas Civil Practice & Remedies Code as well as 18 U.S.C. § 1836(b)(3)(D).

## PRAYER

**WHEREFORE,** Heaven Media respectfully requests that Defendants be summoned to appear and answer herein, that the Court issue a temporary restraining order and preliminary injunction as set forth herein, and that, on final trial, the Court enter judgment for Heaven Media and against Defendants and award the following relief:

(i)     actual, compensatory, consequential, exemplary, and punitive damages;

(ii)    disgorgement of the ill-gotten gains that Defendants obtained as a result of Defendants' unlawful conduct;

(iii)   reasonable attorneys' fees and costs of court;

(iv)    permanent injunctive relief;

(v)     pre-judgment and post-judgment interest at the highest lawful rates; and

(vi)    such additional relief, at law and in equity, to which Heaven Media may be justly entitled.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____

Craig A. Duewall
Texas Bar No. 24025334
Email: duewallc@gtlaw.com
R. Kent Love
Texas Bar No. 24102114
Email:  lovek@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
(512) 320-7209 (telephone)
(512) 320-7210 (facsimile)

*Attorneys for Plaintiff Heaven Media Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was hand-delivered and filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served via certified electronic mail this 18th day of February 2022.

_____

Craig A. Duewall