**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HEAVEN MEDIA LIMITED,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Civil Action No. 1:22-cv-00025** |
| | § | |
| **REBECCA EVERTS AND RESET** | § | |
| **NATION, LLC,** | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Under Fed. R. Civ. P. 54(d)(2), and Local Rule CV-54(b), Defendants Rebecca Everts ("Everts") and Reset Nation, LLC ("Reset") (collectively, "Defendants") file this Motion for Attorney's Fees ("Motion") to recover fees and interest from Plaintiff Heaven Media Limited ("Plaintiff") and show:

### I.  SUMMARY

Defendants' requested fee amount reflects the proportionate, reasonable amount of hours that Defendants' counsel Littler Mendelson, P.C. ("Littler") worked representing Defendants on the above referenced complex unfair competition and trade secrets matter. The fee amount also reflects hourly rates that are fair, reasonable and proportionate for work in the Western District of Texas. In support of this Motion, Defendants attach the declaration of their lead counsel (Michael P. Royal – Exhibit A), including copies of attorney's invoices reflecting the total proportionately and reasonably incurred, and proportionate, reasonable and necessary fees and expenses incurred in preparing Defendants' Motion to Dismiss for *Forum Non Conveniens*,[10] Defendants' Reply in

---

[10] ECF 12.

Support of their Motion to Dismiss,[11] preparing for and attending the hearing on that Motion to Dismiss, as well as other related work incurred by virtue of Plaintiff's breach of the agreements in this case.[12]

Defendants are entitled to recover attorney's fees after they prevailed in this matter. Under Rule 54(d)(2), a claim for attorney's fees must be made by motion, unless the substantive law treats the fees as an element of damages to be proved at trial.[13] A motion under Rule 54 is the appropriate method for obtaining attorney's fees when they are authorized by contract, but are not recoverable as an element of damages.[14]

Plaintiff drafted the agreements at issue in this case, including the UK choice of law provision and the forum-selection clauses mandating that litigation be brought exclusively in the UK, but nevertheless "commenced this action against Everts in Texas state court." In so doing, Plaintiff flagrantly breached the agreements. Following binding precedent from the Supreme Court and the Fifth Circuit, where the Fifth Circuit recently decided a case involving nearly identical contractual language, favoring the enforcement of forum selection clauses, this Court ruled in favor of Defendants.  In essence, by requiring Plaintiff to pursue its claims in the UK, the Court awarded specific performance to Defendants. Consequently, attorney's fees are recoverable under prevailing Texas and Federal law, as well as under English law, which the Court ruled applies herein.

---

[11] ECF 23.
[12] ECF 26 (Minute Entry noting oral arguments held on March 31, 2022 on Motion to Dismiss).
[13] *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035 (5th Cir. 2014).
[14] *Id.* at 1039-40.

## II.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff required Everts to execute the Agreements at issue in this case, which it solely drafted, as an express condition of her employment. These Agreements included UK forum-selection and choice-of-law clauses. These clauses were mandatory and exclusive, such that no other jurisdiction would be proper.[15]

In spite of its express contractual requirement for any future lawsuit to be filed in the UK, Plaintiff nevertheless chose to file suit in Austin. On February 24, 2022, Defendants filed their Motion to Dismiss for *Forum Non Conveniens*, seeking to hold Plaintiff to its own contractual obligations, and requesting dismissal of this case in favor of the UK.[16] Adding insult to injury, Plaintiff also aggressively sought multiple temporary restraining orders and preliminary injunctions, in state court and in this Court, as well as expedited discovery. In addition, Plaintiff refused Defendants' requests for voluntary dismissal of this suit in favor of the UK forum without a good-faith basis for doing so, resulting in protracted litigation and substantially increased legal fees for Defendants.

After a hearing, the Court granted Defendants' Motion to Dismiss on May 10, 2022.[17] In that Order, the Court ruled against Plaintiff's position that "the forum-selection clause is invalid," finding "nothing that invalidates the forum-selection clauses."[18] Notably, the Court recognized that a forum-selection clause with identical language to those at issue was recently before the Fifth Circuit in *Fintech Fund, F.L.P. v. Horne*,[19] where the Fifth Circuit held that English, not Texas

---

[15] *See* ECF 29 at 6 (noting that the forum-selection clauses were mandatory and exclusive).
[16] ECF 12.
[17] ECF 29.
[18] ECF 29 at 6-7.
[19] 836 F. App'x 215 (5th Cir. 2020).

law, should apply.[20] The Court also rejected Plaintiff's position that "this is a 'truly exceptional

case and the enforceability of the forum-selection clauses is unreasonable when applying the public

interest factors," instead finding that "the overwhelming weight of the public interest factors weigh

in favor of upholding the parties' intent as expressed in the agreements' forum-selection clauses."[21]

## III.   **ARGUMENT**[22]

**1.     Defendants Are Entitled to an Award of Attorney's Fees Under UK Law.**

In contrast to the "American Rule" whereby the parties bear their own fees, the "English

Rule" is applied under English law, to award a prevailing party attorney's fees as costs incident to

litigation.[23]

Here, as the Court recognized, the Agreements at issue in this case contain valid and

enforceable forum-selection and choice of law provisions.[24] These provisions therefore implicate

the application of the English Rule concerning an award of attorney's fees.[25] Having obtained a

---

[20] ECF 29 at 7.

[21] ECF 29 at 7.

[22] Defendants asserted in the Motion to Dismiss that the forum-selection clauses at issue here are mandatory, and the plain language of those clauses clearly encompass all claims in this lawsuit. ECF 12 at 5-8. Plaintiff's Response does not appear to dispute these facts, and any objections are therefore waived. *E-Dealer Direct v. Bank of Am., N.A.*, No. EP-21-CV-62, 2021 WL 2115299, at *8-9 (W.D. Tex. May 21, 2021) (non-movant did not address arguments in response, and therefore waived any objection to those arguments).

[23] *See Engel v. CBS, Inc.*, 182 F.3d 124, 128 (2nd Cir. 1999) ("In England, a defendant need not worry about being saddled with the costs of a successful defense. The English rule is that generally the loser must pay the winner's attorneys fees. Thus, an English plaintiff who brings a frivolous suit does so at the peril of paying his adversary's litigation expenses.") (citing Wade, *Frivolous Litigation: A Study of Tort Liability and Procedural Sanctions*, 14 Hofstra L Rev 433, 440-441).

[24] ECF 29.

[25] *See RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) (English choice of law in contracts mandates the application of the English Rule in awarding attorney's fees to the prevailing party); *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996) (finding that a contract containing an English choice of law provision implicates the application of the English Rule in awarding attorney's fees, but denying an award of fees on the sole basis that United failed to comply with Rule 54(d)).

final judgment in this case in their favor, Defendants are therefore entitled to an award of attorney's fees as the prevailing party under the English Rule.

### 2.    Defendants Are Entitled to an Award of Attorney's Fees Under Texas Law.

Under Texas law, when a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory.[26] This is a recognized exception to the "American Rule."[27] Under Texas law, "[i]t is presumed that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable."[28]

"Typically, for breach of contract claims, this requires obtaining actual damages"; however, a party can also be a prevailing party by obtaining specific performance of a contract.[29] Thus, attorney's fees are recoverable under section 38.001 when a party obtains an award of specific performance, for example, to enforce a settlement agreement that ends ongoing litigation or requires performance of a Rule 11 agreement.[30]

Here, as the Court recognized, the agreements at issue in this case "mandate that the United Kingdom '*shall* have *exclusive* jurisdiction for any disputes arising under the agreements.'"[31] By bringing this lawsuit, including claims for breach of contract under Texas state law, outside of the

---

[26] TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) ("A person may recover reasonable attorney's fees from an individual or organization . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). By their claim for attorney's fees within their Reply in Support of the Motion to Dismiss, Defendants presented the claim to Plaintiff, and no payment was tendered. ECF 23 at 11. Thus, fees are recoverable for Plaintiff's breach of the agreements at issue here.
[27] *Hovanec v. Midwest Underground, Inc.*, No. 4:14-CV-409, 2015 WL 4082863, at *1 (E.D. Tex. June 23, 2015) ("Texas common law follows the "American Rule" and the Texas Civil Practice and Remedies Code provides a statutory exception to the Rule for cases involving a breach of contract.").
[28] TEX. CIV. PRAC. & REM. CODE § 38.003.
[29] *Palavan v. McCulley*, 498 S.W.3d 134, 143 (Tex. App.—Houston [1st Dist.] 2016, no pet.).
[30] *Id.*
[31] ECF 29 at 6 (emphasis in original).

UK, Plaintiff breached the agreements. Federal courts around the country have recognized that by granting Defendants' Motion to Dismiss for *Forum Non Conveniens*, the Court ordered specific performance of the agreements.[32] Defendants are therefore entitled to an award of attorney's fees as the prevailing party in this case.

### 3.     An Award of Defendants' Attorney's Fees is Also Appropriate Under 28 U.S.C. § 1927.

Defendants are also entitled to the attorney's fees they incurred in bringing their Motion to Dismiss under 28 U.S.C. § 1927, which provides that "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As such, "[a]n award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[33]

Here, Plaintiff's Counsel acted with recklessness and in bad faith by filing suit in Texas, contrary to the express provisions of the agreements that were developed and produced solely by Plaintiff, and which required litigation to be brought exclusively in the UK and under UK law. Notably, this suit was filed after Plaintiff's UK counsel sent Everts a letter indicating that Plaintiff would in fact rely on UK law to enforce the agreements.[34] Defendants' Counsel made respectful

---

[32] *See, e.g.*, *Coastal Steel Corp. v. Tilghman Wheelbrator Ltd.*, 709 F.2d 190, 194 (3rd Cir. 1983) ("A motion to dismiss an action in order to give effect to a forum selection clause is in practical effect an application for specific performance of that contractual provision."); *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, 148 F. Supp. 3d 1169, 1183 (D. Colo. 2015) ("The default remedies for breach of a forum selection clause (a court dismissing the suit before it or enjoining the parties from litigating elsewhere) are essentially a form of specific performance."); *Versatile Housewares & Gardening Systems, Inc. v. Thill Logistics, Inc.*, 819 F. Supp. 2d 230, 238 (S.D.N.Y. 2011) (court's decision to transfer venue was "in effect an order granting SAS specific performance of the forum selection clause.").
[33] *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014).
[34] ECF 8-5.

requests that this lawsuit be voluntarily dismissed in favor of litigation in the UK, with the understanding that Defendants would not seek fees of this nature if the lawsuit were so dismissed. In spite of Supreme Court case law strongly favoring enforcement of forum-selection clauses, and Fifth Circuit case law involving identical contractual language to that at issue herein, Plaintiff's counsel ignored those requests and protracted this litigation, substantially increasing the legal fees incurred by Defendants (including briefing related to multiple motions for a TRO, TI and expedited discovery, now moot). Therefore, an award of Defendants' attorney's fees under 28 U.S.C. § 1927 is appropriate.

### 4.    Defendants' Requested Attorney's Fees are Reasonable.[35]

Once a court has determined that a movant is entitled to attorney's fees, then it must determine the amount, which is subject to this court's discretion.[36] The calculation of reasonable attorney's fees involves a well established two-step process.[37] First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers.[38] Second, the court considers whether the "lodestar"

---

[35] Under UK law, attorney's fees are calculated in a substantially similar method to those described herein. Specifically, the UK Rules of Civil Procedure state that courts should assess costs (including attorney's fees) based on whether they are proportionately and reasonably incurred, or proportionate and reasonable in amount. *See* United Kingdom Courts Civil Procedure Rules, at Rule 44.4, *available at* https://www.justice.gov.uk/courts/procedure-rules/civil/rules/part-44-general-rules-about-costs#rule44.4. In addition, courts look at: (1) the conduct before, as well as during, the proceedings; (2) the efforts made, if any, before and during the proceedings in order to try and resolve the dispute; (3) the amount or value of any money or property involved; (4) the importance of the matter to all the parties; (5) the particular complexity of the matter or the difficulty or novelty of the questions raised; (6) the skill, effort, specialized knowledge and responsibility involved; (7) the time spent on the case; (8) the place where and the circumstances in which work or any part of it was done; and (9) the receiving party's last approved or agreed budget. *Id.*

[36] *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000).

[37] *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

[38] *Id.*

should be adjusted upward or downward depending on the circumstances of the case under the Johnson factors.[39] While *Johnson* set forth twelve factors, the Fifth Circuit has since singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel.[40] For the reasons set forth in the Declaration of Michael P. Royal, which is attached as Exhibit A and incorporated herein, the requested amount of attorney's fees for the services performed in this case, in the amount of $73,892.00, was reasonable and necessary, proportionately and reasonably incurred and proportionate and reasonable in amount.

## IV.  **PRAYER**

For the reasons stated above, Defendants respectfully request that the Court grant this Motion and find that Plaintiff and/or its counsel are liable to Defendants for the attorney's fees that Defendants incurred in redressing Plaintiff's breach of the parties' UK forum-selection and choice-of-law clauses by virtue of Defendant's Motion to Dismiss for *Forum Non Conveniens,* and opposing Plaintiff's motions for a Temporary Restraining Order, Temporary Injunction, and expedited discovery in connection therewith, in the amount of $73,892.00 plus interest, and grant them such other and further relief to which they may be justly entitled to receive.

---

[39] *Migis*, 135 F.3d at 1047; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).
[40] *See Migis*, 135 F.3d at 1047.

Dated:  May 24, 2022                    Respectfully submitted,


                                        /s/ Michael P. Royal
                                        _____
                                        Michael P. Royal
                                        Texas State Bar No. 00784886
                                        Andrew R. Gray
                                        Texas State Bar No. 24106023

                                        LITTLER MENDELSON, P.C.
                                        2001 Ross Avenue
                                        Suite 1500
                                        Dallas, TX 75201
                                        Austin, Texas 78701
                                        214.880.8100 (telephone)
                                        214.880.0181 (facsimile)
                                        Mroyal@litter.com
                                        Argray@littler.com

                                        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on the 24th day of May 2022, I contacted counsel for Plaintiff, and counsel for Plaintiff stated that he is opposed to the relief requested above.

/s/ *Michael P. Royal*
Michael P. Royal
Andrew R. Gray

## **CERTIFICATE OF SERVICE**

On the 24th day of May, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, Austin Division, using the Electronic Case Filing system of the Court. I hereby certify that I have served all counsel of record via the Court's e-filing system as follows:

Craig A. Duewall
duewallc@gtlaw.com
Becky L. Caruso
carusob@gtlaw.com
R. Kent Love
lovek@gtlaw.com

GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701

/s/ *Michael P. Royal*
Michael P. Royal
Andrew R. Gray

4881-5238-4544.3 / 114977-1001

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HEAVEN MEDIA LIMITED,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:22-cv-00025** |
| | § | |
| **REBECCA EVERTS AND RESET** | § | |
| **NATION, LLC,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

<u>**DECLARATION OF MICHAEL P. ROYAL**</u>

I, Michael P. Royal, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, that the following is true and correct to the best of my personal knowledge and based on information obtained through the review of records and inquiry of certain persons referenced herein.

1.      I am over the age of eighteen years of age, am of sound mind, have never been convicted of a felony or offense involving moral turpitude, and am competent to make this declaration and file same in Cause No. 1:22-cv-00025 (this "Action").

2.      I have personal knowledge of the facts stated herein because I am lead counsel for Rebecca Everts and Reset Nation, LLC ("Defendants"), the Defendants in this Action. I also have personal knowledge of the facts stated herein because I am a Shareholder in the law firm of Littler Mendelson, P.C. ("Littler"). As lead counsel for Defendants in this Action, I have experience and familiarity with the issues in this action, the services and work performed by Littler attorneys and paralegals on behalf of defendants in this action, and the reasonable and necessary attorneys' fees incurred in this Action. I participated in and/or oversaw the legal work performed for Defendants in this Action. I have worked with and peer reviewed/observed all work performed by the other

Littler attorneys and paralegals who have provided services to Defendants in this Action, including M. Scott McDonald, Andrew R. Gray, and Lucas Meng.

3.      I am an attorney licensed to practice law in Texas. I have been licensed in Texas for almost 30 years, since 1992, and have been admitted to practice within the Western District of Texas since April 1996. I graduated from the University of Oklahoma College of Law in 1992 and am AV-Rated by Martindale-Hubbell. I have decades of experience representing regional, national, and international clients in multiparty complex litigation in state and federal courts and in the Western District of Texas specifically. My practice routinely includes litigation on unfair competition, misappropriation of trade secrets, and breach of restrictive covenants (*i.e.*, noncompete, nondisclosure, nonsolicitation), and employment torts.  I also have substantial experience in cases involving requests for Temporary Restraining Orders, Temporary Injunctions and Permanent Injunctions.  My rate in this Action of $750.00 is reasonable for a shareholder with my years of experience in unfair competition cases such as this one in the Austin area.

4.      As a Shareholder, I am familiar with the business practices of Littler. It is the policy of Littler to bill its clients based on a reasonable charge for services rendered. Littler normally uses a computation of lawyer/paralegal hours, multiplied by individual hourly rates, unless otherwise agreed. Littler is conscious of the fact that legal fees on a substantial matter can quickly accumulate, and the firm attempts to maintain reasonable fee levels under the circumstances by, among other things, eliminating duplication of effort on a project, utilizing preexisting resources, and applying cost-benefit analyses to most sub-projects. Moreover, Littler attorneys use billing judgment and occasionally "write off" time that could be perceived as excessive or duplicative, even where such time was reasonable and necessary to further the interests of the client.

5.      The rates charged to Defendants by Littler attorneys and paralegals working on this case are reasonable for the type of engagement involved in this Action. Littler's depth of experience in this field justifies the rates used for this litigation.

6.      It is also the policy of Littler to maintain records of all invoices sent to clients. Attached to this Declaration as Exhibits A-1, A-2, and A-3 are true and correct copies of Littler's pertinent billing records and recorded time in this matter, for work performed between January to March 2022. The computer files are physically maintained in the San Francisco, California office of Littler. The billing records and time entries attached to this Declaration were made in the regular course of business by an employee with knowledge of the acts, events, or information contained in them, and were made at or near the time of the acts, events, conditions or information appearing in them. They were contemporaneously made. These records were made and kept as a part of the regular practice of business activity and are maintained in the billing department of Littler.

7.      M. Scott McDonald is a Shareholder with Litter in the firm's Dallas, Texas office. He has more than 30 years of experience representing clients in all areas of employment and labor law, with a particular focus in employment-related torts, unfair competition, trade secrets, and restrictive covenants, and has written and contributed to numerous books and articles on the practice area. His rate in this Action is $860.00 which is reasonable for the type of complex unfair competition litigation in this Action in the Austin area.

8.      Andrew R. Gray is an associate at Littler in the firm's Austin, Texas office. He received a J.D. from the University of Texas School of Law in 2017. His practice is exclusively dedicated to labor and employment matters, including significant experience litigating matters involving employment-related torts, unfair competition, trade secrets, and restrictive covenants. He has also published several scholarly articles, including relating to the enforceability of forum-

selection clauses. His rate in this Action is $525.00, which is reasonable for the type of complex unfair competition litigation in this Action in the Austin area.

9.      Lucas Meng is an associate at Littler in the firm's Austin, Texas office. He received a J.D. from the University of Texas School of Law in 2017. His practice is exclusively dedicated to labor and employment matters. He also served as law clerk for the Honorable Robert Castaneda in the United States District Court for the Western District of Texas and the Honorable Nelva Ramos in the United States District Court for the Southern District of Texas. His rate in this Action is $390.00, which is reasonable for the type of complex unfair competition litigation in this Action in the Austin area.

10.     As lead counsel in this Action, I am the custodian of records of the litigation files for this Action. I have used the attached records to track the time and costs involved in this Action. The information contained thereon, redacted to protect attorney work product and privileged communications, was contemporaneously recorded on or about the dates reflected in the record. The time reflected thereon has been proportionate, reasonable and necessary to successfully represent Defendants in this Action to date. I have reviewed the attached billing records of Littler, and based on the facts stated therein, Littler's total fees incurred related to Defendant's Motion to Dismiss, the Court's March 31, 2022 Hearing on the Motion to Dismiss, Plaintiff Heaven Media Limited's Motion for Temporary Restraining Order and Preliminary Injunction, and Plaintiff Heaven Media Limited's Motion for Expedited Discovery, are $73,892.00, incurred as follows:

| Billing Attorney: | Rate: | Hours: | Fees: |
| --- | --- | --- | --- |
| Michael P. Royal | $750.00 | 42.6 | $31,950.00 |
| M. Scott McDonald | $860.00 | 1.0 | $860.00 |
| Andrew R. Gray | $525.00 | 75.8 | $39,795.00 |
| Lucas Meng | $390.00 | 3.3 | $1,287.00 |
| **Total:** | | **122.7** | **$73,892.00** |

11.     I have reviewed the attached billing records of Littler, and based on the facts stated therein, Littler's total fees incurred related only to Defendant's Motion to Dismiss, and the Court's March 31, 2022 Hearing on the Motion to Dismiss (*e.g.*, research, review of authority, drafting briefing, preparation for and attending the March 31, 2022 hearing, conferences with opposing counsel, etc.), separate and apart from fees incurred related to other aspects of the case (as detailed and included within ¶ 10 above), are $42,402.50, incurred as follows:

| Billing Attorney: | Rate: | Hours: | Fees: |
|---|---|---|---|
| Michael P. Royal | $750.00 | 24.1 | $18,075.00 |
| M. Scott McDonald | $860.00 | 1.0 | $860.00 |
| Andrew R. Gray | $525.00 | 44.7 | $23,467.50 |
| **Total:** | | **122.7** | **$42,402.50** |

12.     In calculating the amounts listed in paragraphs 10 and 11 of this Declaration, I have also exercised billing judgment, and have not sought recovery for time entries in which it would not be reasonable to recover from Plaintiff. I have made normal reductions for time actually worked, but not charged to the client for items such as minor tasks, duplicative tasks, inefficiencies for junior attorneys, if any, and travel time. I have also reviewed the total number of hours reflected in the attached records (as summarized in Paragraphs 10 and 11 herein), and given the complexity of the issues involved, the total amount reflected was proportionately and reasonably incurred, proportional ad reasonable in amount, and otherwise reasonable and necessary.

13.     I am familiar with the reasonable and customary attorneys' fees charged for services in civil litigation, including unfair competition and trade secret matters in Texas federal court and in the Western District – Austin Division in particular. In my opinion the hourly rates charged by Littler for the work of its attorneys is proportionate, reasonable, customary, and well within the typical range in Texas federal courts, considering the difficulty of the issues presented, as well as the experience, reputation and ability of the attorneys performing services on behalf of Defendants,

among other factors referenced herein. Moreover, the hourly rates charged by Littler in this Action are consistent with Littler's customary and usual billing rates for litigation similar to this Action.

14.     Definitions vary, but complex litigation typically refers to a lawsuit that presents unusual challenges, perhaps because of the legal theories involved, the types of damages at issue, the high stakes related to the outcome, the underlying facts, the quantity or nature of documents at issue, the type and or number of claims asserted, the number of parties, and/or the science and knowledge needed to understand the facts.  For example, in the above referenced case, Heaven Media asserted nine (9) separate claims against the Defendants (i.e., for breach of a noncompete provision, breach of a non-solicit of clients provision, breach of a non-solicit of employees provision, breach of a nondisclosure provision, misappropriation of trade secrets (18 U.S.C. §1836), breach of fiduciary duty, tortious interference with existing contract, tortious interference with prospective relations, unjust enrichment, and conspiracy).  Heaven Media further complicated the proceedings herein by asserting multiple requests for a temporary restraining order, a preliminary injunction and a final injunction.  The forum selection and choice of law issues in this case, involving a foreign jurisdiction, likewise added another layer of complexity to the case.  Most of these claims presented alone would likely rise to the level of a complex litigation matter. However, the combination of all of these claims (especially with the addition of the request for injunctive relief) certainly qualifies as "complex."

For example, a covenant not to compete provision is unenforceable if its restrictions are unreasonable, in terms of the covenant's limitations in geography, restricted activity and time. There are very few hard and fast rules to determine reasonableness because each decision is very factually specific and requires an in-depth understanding of the law, the industry and the related facts at issue.

Heaven Media's claim for misappropriation of trade secrets (18 U.S.C. §1836) likewise presents a number of novel and complex issues.  One common issue, which is hotly contested in connection with these type of claims, is whether a particular type of information does or does not qualify as a "trade secret," which can involve an exhaustive examination of the surrounding facts and applicable law.  Furthermore, trade secret misappropriation, unlike other causes of action, does not give rise to easily quantifiable damages. Rather, courts in trade secret misappropriation cases have great discretion in determining damage amounts.  The trade secret owner may request royalties where injunctive relief is not appropriate or as an alternative to quantified monetary damages for unauthorized use of a trade secret.  Courts may also grant exemplary or punitive damages when the misappropriator's conduct is willful or malicious, which requires another in depth analysis.

For many defendants, the TRO/preliminary injunction hearing might determine their financial survival, and thus, requires intense focus and a determined analysis of the manner in which the facts of the case intertwine with applicable law.  Many defendants, especially new start-up companies, such as Reset, and individuals, such as Everets, might not be able to survive financially if the court grants a TRO or preliminary injunction and orders them to cease performing competitive services until the case is eventually tried (1-2 years later).  Thus, the importance of this aspect of the case cannot be understated.

Another complexity of the above referenced case, which greatly increases the risk to the Defendants, involves the inclusion of Heaven Media's claim for civil conspiracy.  This is so, as prevailing on such a cause of action might offer recovery in addition to what Heaven Media might recover for the underlying torts; e.g., joint liability, increased monetary damages and expanded injunctive relief.

Lastly, Heaven Media's Motion for Expedited Discovery sought to "up the stakes" by taking discovery quickly – in order to realize the advantages of surprise.

15.     Plaintiff refused Defendants' requests for voluntary dismissal of this suit in favor of the UK forum without a good-faith basis for doing so, resulting in protracted litigation and substantially increased legal fees for Defendants.

16.     I am also familiar with the time necessary to perform certain tasks in connection with prosecuting and/or defending against claims in unfair competition matters, such as this one. In reaching my opinion, I considered factors set forth in the decisions issued by (i) the Texas Supreme Court in *Rohrmoos Venture v. UTSWDVA Healthcare, LLP*. 578 S.W.3D 469 (Tex. 2019), (ii) the Western District of Texas in *Al Asher & Sons v. Foreman Elec. Serv. Co.*, No. 19-CV-173-DC, 2021 WL 7184967 (W.D. Tex. Oct. 21, 2021), and (iii) United Kingdom Courts Civil Procedure Rules, at Rule 44.4, *available at* https://www.justice.gov.uk/courts/procedure-rules/civil/rules/part-44-general-rules-about-costs#rule44.4, and related cases construing same. In my opinion, the attorney's fees, costs, and expenses sought by Defendants, as reflected on the exhibits attached hereto and summarized in paragraphs 10 and 11 herein, were reasonable and necessary, were proportionately and reasonably incurred, and were proportionate and reasonable in amount.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2022.

*/s/Michael P. Royal*
Michael P. Royal

4868-6457-3984.4 / 114977-1001

# EXHIBIT A-1





**DATE:** February 18, 2022

**CLIENT:** RESET NATION LTD

**Privileged & Confidential**

**CLIENT MATTER NUMBER:** 114977.1001

**MATTER:** EVERTS, REBECCA TRO

**BILLING ATTORNEY:** 04966 Naomi J. Seddon

**INVOICE:** 5609741

**CURRENCY:** USD

---

Legal Services for the period ending January 31, 2022

Total Fees for Services Rendered
Total Disbursements
**Total Amount Due This Invoice**



**Payment due upon receipt**

---

**DATE:** February 18, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5609741

Page 2

**Legal Services for the period ending January 31, 2022**

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| 01/05/22 | MSM | Heaven Media case. Email with M. Royal regarding challenge to agreement based on improper venue. | 0.20 | 172.00 |
| 01/07/22 | MSM | Work on analysis of issue related to ability to dismiss case due to breach of mandatory venue clause and past briefing and research related to same, compile and forward materials and research regarding same. | 0.70 | 602.00 |
| 01/09/22 | MSM | Review email from M. Royal regarding contract with England/Wales choice of law, and respond to same. . | 0.10 | 86.00 |
| ███████ | ███████ | ████████████████████ | ████ | ████ |
| ███████ | ███████ | ████████████████████ | ████ | ████ |

**Total Legal Fees**  ████  ████

**FEE SUMMARY**

| Timekeeper | Title | Hours | Rate | Fees |
|------------|-------|-------|------|------|
| M. Scott McDonald | Shareholder | ███ | 860.00 | ████ |
| Michael Patrick Royal | Shareholder | ███ | 750.00 | ████ |
| **Total Legal Fees** | | ███ | | ████ |

**Total Amount Due This Invoice**  ████





**DATE:** February 18, 2022

**CLIENT:** RESET NATION LTD

**Privileged & Confidential**

**CLIENT MATTER NUMBER:** 114977.1001

**MATTER:** EVERTS, REBECCA TRO

**INVOICE:** 5609741

**CURRENCY:** USD

---

Legal Services for the period ending January 31, 2022

Total Fees for Services Rendered
Total Disbursements
**Total Amount Due This Invoice**

---

**Wire Transfer Instructions:**

**Please contact treasury@littler.com to confirm any change in our banking information**

**Remit Address:**
Littler Mendelson, PC
P.O. Box 207137
Dallas, TX 75320-7137

Client Matter Number & Invoice Number Required.
Remittance information can be emailed to: clientpayments@littler.com

**Littler Mendelson Federal ID Number**
**U.S. Tax Address:** 333 Bush Street 34th Floor San Francisco, CA 94104

---

*Please include this page with your payment*

---

**Payment due upon receipt**

---

**LITTLER MENDELSON P.C.** ** For billing inquiries related to this invoice, please email: billingsupport@littler.com **

# EXHIBIT A-2





**INVOICE**

| | |
|---|---|
| **DATE:** | March 28, 2022 |
| **CLIENT:** | RESET NATION LTD |



**Privileged & Confidential**

| | |
|---|---|
| **CLIENT MATTER NUMBER:** | 114977.1001 |
| **MATTER:** | EVERTS, REBECCA TRO |
| **BILLING ATTORNEY:** | 04966 Naomi J. Seddon |
| **INVOICE:** | 5633206 |
| **CURRENCY:** | USD |

---

Legal Services for the period ending February 28, 2022

Total Fees for Services Rendered
Total Disbursements
**Total Amount Due This Invoice**



**Payment due upon receipt**

---

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 2

**Legal Services for the period ending February 28, 2022**



| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| 01/06/22 | MPR | Analyze case documentation, agreements, in order to formulate and outline of arguments and evidence in opposition to plaintiff's request for a Temporary Restraining Order (1.6). | 2.90 | 2,175.00 |
| | | | 2.60 | 1,365.00 |
| 01/07/22 | MPR | Research recent case law regarding the application of mandatory venue clauses containing a | 4.80 | 3,600.00 |

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 3

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | foreign country's choice of law (.8). Preparation for the anticipated TRO hearing with the court (1.1). | | |



**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 4



| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| 01/25/22 | MPR | Correspondence to UK Counsel re noncompete enforceability, mandatory venue issues (.5), ██████████ | 0.80 | 600.00 |

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 5



**DATE:** March 28, 2022

**Invoice No. 5633206**

**CLIENT MATTER NUMBER:** 114977.1001

Page 6

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| ██████ | ████ | ████████████████ | ████ | ████ |
| | | ███████████████████████ | | |
| ██████ | ████ | ████████████████ | ████ | ████ |
| | | ████████████████████ | | |
| ██████ | ████ | ████████████████ | ████ | ████ |
| | | ██████████████ | | |
| 02/14/22 | ARG | Draft motion to dismiss based upon forum non conveniens, in connection with binding forum-selection clauses within relevant agreements with Everts, and additional arguments relating to plaintiff's failure to register with the Texas Secretary of State. | 1.20 | 630.00 |
| 02/15/22 | ARG | Exchange correspondence with opposing counsel regarding, and prepare for and participate in call with opposing counsel regarding voluntary dismissal, and relevant forum-selection clauses within contracts. | 1.00 | 525.00 |
| 02/15/22 | ARG | Continue drafting motion to dismiss based upon forum non conveniens, in connection with binding forum-selection clauses within relevant agreements with Everts, and additional arguments relating to plaintiff's failure to register with the Texas Secretary of State. | 4.60 | 2,415.00 |
| 02/15/22 | MPR | Correspondence to/from opposing counsel regarding status of the case, potential for voluntary dismissal (.5). Identify additional issues to be | 1.40 | 1,050.00 |

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | addressed in the motion to dismiss plaintiff's claims (.9). | | |
| 02/16/22 | MPR | Revise the motion to dismiss and briefing in support thereof. | 1.30 | 975.00 |
| ████ | ████ | ████████████████████████ ████████████ | ██ | ████ |
| 02/17/22 | ARG | Continue drafting motion to dismiss, including detailed arguments relating to plaintiff's failure to register with the Texas Secretary of State. | 1.50 | 787.50 |
| 02/17/22 | MPR | Revise briefing regarding to the mandatory venue provisions set forth in the applicable contracts. | 1.20 | 900.00 |
| 02/18/22 | MPR | Correspondence to/from Craig Duewall regarding dismissal, answer to complaint, case status (.2). Review and revise the motion to dismiss for forum non conveniens and pursuant to FRCP 12(b) (.9). ████████████████████ ████████ | 1.50 | 1,125.00 |
| 02/20/22 | MPR | Analyze plaintiff's amended complaint and summons for Reset Nation, formulate strategy regarding the dismissal of all new claims (.7). ████████████████████ ████████████ | 0.90 | 675.00 |
| ████ | ████ | ████████████████████████ ████████████████████ ████████████████████ ████████████ | ██ | ████ |

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 8

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| 02/21/22 | ARG | Review and analysis of authorities relating to a non-signatory's binding a party to a forum-selection clause, for purposes of inclusion within Defendants' Motion to Dismiss. | 2.90 | 1,522.50 |
| | | ███████ ██████████████████ | ██ | ███ |
| 02/22/22 | MPR | Correspondence to/from clients regarding strategy, motion to dismiss lawsuit (.2). Analyze the bases for Evert's/Reset's 12(b)(6) motion to dismiss for failure to state a claim (1.2). | 1.90 | 1,425.00 |
| 02/23/22 | ARG | Prepare for and participate in call with client regarding status of case, and plan to file motion to dismiss on the basis of forum non conveniens, in light of Plaintiff's Amended Complaint. | 0.60 | 315.00 |
| 02/23/22 | ARG | Review and revise draft Motion to Dismiss, for inclusion of arguments relating to Reset Nation, in response to Plaintiff's Amended Complaint adding same as defendant. | 3.90 | 2,047.50 |
| 02/23/22 | MPR | Review and revise the motion to dismiss for forum non conveniens and pursuant to rule 12(b)(6) and briefing in support thereof (2.1). ███████████ | 2.70 | 2,025.00 |
| 02/24/22 | ARG | Analysis relating to, and correspondence with Court regarding hearing on Plaintiff's motion for a temporary restraining order, and preclusive effect based on state court's | 0.90 | 472.50 |

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 9

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | denial of same. | | |
| 02/24/22 | ARG | Finalize and file Motion to Dismiss based on forum non conveniens and for failure to state a claim, based on discussions with shareholder regarding same. | 1.20 | 630.00 |
| 02/24/22 | MPR | Correspondence to/from opposing counsel regarding plaintiff's request for a Temporary Restraining Order, expedited discovery issues, TRO bond (.4). Analyze the temporary restraining order proposed by counsel for Heaven Media (.4). Analyze plaintiff's motion for a temporary restraining and brief in support (.8). Correspondence to/from Samantha V. Oakes (courtroom Deputy to Judge Yeakel) regarding the previous TRO denied by the state court, briefing schedule related to the TRO process, Everts' motion to dismiss (.6), Review and revise defendant's motion to dismiss and brief in support thereof (1.2). | 3.40 | 2,550.00 |
| ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ▮▮▮ | ▮▮▮ |
| 02/25/22 | MPR | Correspondence to/from opposing counsel regarding plaintiff's request for a TRO/TI, responses to pending motions (.7). Correspondence to/from Kathryn Baffes (law clerk to Judge Yeakel) regarding motion to dismiss, response thereto (.4). | 1.10 | 825.00 |
| 02/28/22 | LM | Research and Drafting arguments for Everts's motion to dismiss arguing that the State Court's denial of Plaintiff's temporary restraining order should be | 2.10 | 819.00 |

**DATE:** March 28, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5633206

Page 10

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | given effect under 28 U.S.C. section 1450. | | |
| **Total Legal Fees** | | | ■ | ■ |

**FEE SUMMARY**

| Timekeeper | Title | Hours | Rate | Fees |
|------------|-------|-------|------|------|
| M. Scott McDonald | Shareholder | ■ | 860.00 | ■ |
| Michael Patrick Royal | Shareholder | ■ | 750.00 | ■ |
| Andrew R. Gray | Associate | ■ | 525.00 | ■ |
| Lucas Meng | Associate | ■ | 390.00 | ■ |
| Julie Ann Forbes | Para-Legal | ■ | 275.00 | ■ |
| **Total Legal Fees** | | ■ | | ■ |

**Total Amount Due This Invoice** ■

 

**DATE:** March 28, 2022

**CLIENT:** RESET NATION LTD

**Privileged & Confidential**

**CLIENT MATTER NUMBER:** 114977.1001

**MATTER:** EVERTS, REBECCA TRO

**INVOICE:** 5633206

**CURRENCY:** USD

---

Legal Services for the period ending February 28, 2022

Total Fees for Services Rendered
Total Disbursements
**Total Amount Due This Invoice**



---

**Wire Transfer Instructions:**

**Please contact treasury@littler.com to confirm any change in our banking information**

**Remit Address:**
Littler Mendelson, PC
P.O. Box 207137
Dallas, TX 75320-7137

Client Matter Number & Invoice Number Required.
Remittance information can be emailed to: clientpayments@littler.com

**Littler Mendelson Federal ID Number**
**U.S. Tax Address:** 333 Bush Street 34th Floor San Francisco, CA 94104

---

*Please include this page with your payment*

---

**Payment due upon receipt**

---

**LITTLER MENDELSON P.C.** ** For billing inquiries related to this invoice, please email: billingsupport@littler.com **

# EXHIBIT A-3





**DATE:** April 15, 2022

**CLIENT:** RESET NATION LTD

███████████████████████████████

**Privileged & Confidential**

**CLIENT MATTER NUMBER:** 114977.1001

**MATTER:** EVERTS, REBECCA TRO

**BILLING ATTORNEY:** 04966 Naomi J. Seddon

**INVOICE:** 5640351

**CURRENCY:** USD

---

Legal Services for the period ending March 31, 2022

Total Fees for Services Rendered
Total Disbursements
**Total Amount Due This Invoice**



**Payment due upon receipt**

---

**DATE:** April 15, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5640351

Page 2

**Legal Services for the period ending March 31, 2022**

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 03/05/22 | ARG | Begin drafting Defendants' response to Plaintiff's Motion for Temporary Restraining Order, including arguments relating to denial of same based on forum selection clauses, failure to register with Texas Secretary of State, and previous denial of TRO by state court. | 7.10 | 3,727.50 |
| 03/06/22 | ARG | Continue drafting Defendants' response to Plaintiff's Motion for Temporary Restraining Order, including arguments relating standards for injunctive relief, and plaintiff's failure to show a substantial likelihood of success on the merits of its claims. | 6.40 | 3,360.00 |
| 03/06/22 | ARG | Begin drafting Defendant's response to Plaintiff's motion for expedited discovery, including analysis of proposed discovery requests in connection with same. | 1.40 | 735.00 |
| 03/07/22 | ARG | Complete draft of Defendant's Response to Plaintiff's Motion for Expedited Discovery, including discussion of previous arguments for dismissal, and plaintiff's failure to show good cause for expedited discovery. | 6.80 | 3,570.00 |
| 03/08/22 | ARG | Correspondence and call with client regarding upcoming response to Motion for Expedited Discovery, and Motion for Temporary Restraining Order. | 0.80 | 420.00 |
| 03/08/22 | LM | Researching and analyzing whether Heaven's media can assert can assert claims of irreparable harm when they indicate in their Complaint that they are seeking damages for their injuries. | 1.20 | 468.00 |

**DATE:** April 15, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5640351

Page 3

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 03/09/22 | ARG | Review and revise Defendants' response to Plaintiff's Motion for Expedited Discovery, including revisions in response to shareholder comments on same. | 2.60 | 1,365.00 |
| 03/09/22 | MPR | Revise defendants' Response to plaintiff's Opposed motion for Expedited Discovery (1.7), Revise brief in support or Defendants' Response in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction (3.8). | 5.50 | 4,125.00 |
| 03/10/22 | ARG | Revise and finalize Defendants' response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, including revisions in response to shareholder comments on same. | 3.70 | 1,942.50 |
| 03/10/22 | MPR | Revise Defendants' Response in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction and brief in support thereof (3.2), Analyze plaintiff's Response to Defendant's Forum Non Conveniens Motion to Dismiss, and in the Alternative, Motion to Dismiss for Failure to State a Claim (.9), Correspondence to/from opposing counsel regarding motion practice (.4). | 4.50 | 3,375.00 |
| 03/11/22 | ARG | Review and analysis regarding Plaintiff's response to Defendant's Motion to Dismiss, in preparation for drafting reply to same. | 1.10 | 577.50 |
| 03/14/22 | MPR | Review court Order Granting plaintiff's motion for Leave to file extended response to defendants motion to dismiss (.2), Analyze plaintiff's response to defendants' motion to | 1.80 | 1,350.00 |

**DATE:** April 15, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5640351

Page 4

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | dismiss the complaint and identify key issues to be addressed in the reply brief to be submitted by defendant (1.6). | | |
| 03/15/22 | MPR | Preparation for telephonic hearing with the court (.5), Analysis of Heaven Media's motion for a TRO/temporary injunction (.8), Outlining issues/arguments to be included in the reply brief in support of the motion to dismiss Heaven Media's case (.9), Review of new hearing order from the court (.1). | 2.30 | 1,725.00 |
| ███ | ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ | ███ |
| 03/16/22 | MPR | ███ Analyze the arguments and authorities presented in Heaven media's response to defendants motion to dismiss the case and formulate responsive arguments thereto (1.6). | 2.30 | 1,725.00 |
| ███ | | ███ | 1.10 | 577.50 |
| 03/17/22 | ARG | Begin drafting Reply in support of Motion to Dismiss, including counter-arguments relating to plaintiff's 25-page | 4.10 | 2,152.50 |

**DATE:** April 15, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5640351

Page 5

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | Response. | | |
| 03/17/22 | MPR | Drafting briefing in support of Reply to the motion to dismiss - to address the specific arguments set forth in plaintiff's response (3.2), Analyze Heaven Media's Reply in Support of its Motion for Temporary Restraining Order and Preliminary Injunction (.9), Telephonic hearing with Judge Yeakel to discuss the status of the numerous outstanding motions in the case (.5), Analysis of case law cited in Heaven Media's response to Everet's motion to dismiss – in order to incorporate objections to same in the reply brief (1.4), Correspondence to/from opposing counsel regarding court order, cooperation on logistical issues related to the various motions (.4), Review of court order regarding the procedures to be utilized for the disposition of the multiple motions filed before it (.2). | 6.60 | 4,950.00 |
| 03/18/22 | ARG | Continue drafting of, and revisions to, Reply in further Support of Motion to Dismiss. | 6.90 | 3,622.50 |
| 03/18/22 | MPR | Revise the briefing contained in Defendant's Reply in Further Support of Its Motion To Dismiss (1.8), Analyze key cases regarding forum selection - involving forums outside of the United States (.9). | 2.70 | 2,025.00 |
| 03/21/22 | ARG | Finalize and file Reply in Support of Motion to Dismiss for Forum Non Conveniens, and correspondence with client regarding same, and next steps in matter. | 2.60 | 1,365.00 |
| 03/22/22 | ARG | Prepare for and participate in telephone conference with the Court, regarding | 1.40 | 735.00 |

**DATE:** April 15, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5640351

Page 6

| DATE | TKPR | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| | | status of case, pending Motions, and next steps. | | |
| 03/23/22 | ARG | Correspondence with opposing counsel regarding discovery prior to hearing on Motion to Dismiss. | 0.30 | 157.50 |
| 03/29/22 | ARG | Begin preparing for upcoming hearing in federal court regarding Defendants' Motion to Dismiss. | 3.90 | 2,047.50 |
| 03/30/22 | ARG | Continue preparations for upcoming hearing in federal court regarding Defendants' Motion to Dismiss. | 5.10 | 2,677.50 |
| 03/31/22 | ARG | Prepare for and attend hearing in federal court regarding Forum Non Conveniens Motion to Dismiss and for Failure to State a Claim. | 3.80 | 1,995.00 |
| **Total Legal Fees** | | | ███ | ███ |

**FEE SUMMARY**

| Timekeeper | Title | Hours | Rate | Fees |
|------------|-------|-------|------|------|
| Michael Patrick Royal | Shareholder | ███ | 750.00 | ███ |
| Andrew R. Gray | Associate | ███ | 525.00 | ███ |
| Lucas Meng | Associate | ███ | 390.00 | ███ |
| **Total Legal Fees** | | ███ | | ███ |

**Disbursements**

| Date | Description | Amount |
|------|-------------|--------|
| ███ | ███ | ███ |
| ███ | ███ | ███ |
| ███ | ███ | ███ |
| ███ | ███ | ███ |

**DATE:** April 15, 2022

**CLIENT MATTER NUMBER:** 114977.1001

**CLIENT:** RESET NATION LTD

**MATTER:** EVERTS, REBECCA TRO

Invoice No. 5640351

Page 7

**Total Disbursements**  ███████

**Total Amount Due This Invoice**  ███████





**DATE:** April 15, 2022

**CLIENT:** RESET NATION LTD

███████████████████████████
███████████████████████████
███████████████████████████

**Privileged & Confidential**

**CLIENT MATTER NUMBER:** 114977.1001

**MATTER:** EVERTS, REBECCA TRO

**INVOICE:** 5640351

**CURRENCY:** USD

---

Legal Services for the period ending March 31, 2022

Total Fees for Services Rendered
Total Disbursements
**Total Amount Due This Invoice**



---

**Wire Transfer Instructions:**

████████████████████████

**Please contact treasury@littler.com to confirm any change in our banking information**

**Remit Address:**
Littler Mendelson, PC
P.O. Box 207137
Dallas, TX 75320-7137

Client Matter Number & Invoice Number Required.
Remittance information can be emailed to: clientpayments@littler.com

**Littler Mendelson Federal ID Number** ████████
**U.S. Tax Address:** 333 Bush Street 34th Floor San Francisco, CA 94104

---

*Please include this page with your payment*

**Payment due upon receipt**

---

**LITTLER MENDELSON P.C.** ** For billing inquiries related to this invoice, please email: billingsupport@littler.com **



**Statement of ACCOUNT**

**DATE:** April 15, 2022

**CLIENT:** RESET NATION LTD



---

## Previously Issued Invoices

| Invoice Date | Invoice Number | Invoice Amount | Amount Applied | Balance Due |
|---|---|---|---|---|
| 03/28/22 | 5633206 | ███████ | $0.00 | ███████ |
| **Total:** | | | | ███████ |

---

**For inquiries related to this invoice or any open balance, please email BillingSupport@Littler.com**

**Payment due upon receipt**

---