# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **HEAVEN MEDIA LIMITED,** § | |
| *Plaintiff* § | |
| v. § | |
| § | |
| **REBECCA EVERTS and** § | **CIVIL NO. 1:22-CV-00025-LY** |
| **RESET NATION, LLC,** § | |
| *Defendants* § | |
| § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion for Attorney's Fees, filed June 24, 2022 (Dkt. 37); Plaintiff's Response, filed July 8, 2022 (Dkt. 38); and Defendants' Reply, filed July 15, 2022 (Dkt. 39). On July 22, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 40.

### I.   Background

Plaintiff Heaven Media Limited is a private limited company in the United Kingdom that does business in the United States, including in Texas. Heaven Media employed Defendant Rebecca Everts, a Texas resident, from December 2019 to August 2021.

As a condition of her employment, Everts entered into two contracts with Heaven Media: (1) a Freelance Contractor Agreement, and (2) a Confidentiality and Non-Disclosure Agreement (together, the "Agreements"). The Agreements contained choice-of-law and forum-selection clauses. The Freelance Contractor Agreement states:

1

> 12.10 **Governing Law.** The Contract, and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it or its subject matter or formation shall be governed by, and construed in accordance with the law of England and Wales.
>
> 12.12 **Jurisdiction.** Each party irrevocably agrees that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with the Contract or its subject matter or formation.

Dkt. 8-2 at 13. Similarly, the Confidentiality and Non-Disclosure Agreement states:

> 9. **Choice of Law and Jurisdiction**: The validity of this Agreement and all matters relating to its interpretation and performance shall be interpreted in accordance with the laws of the United Kingdom applicable to contracts made and fully performed therein, but without regard to principles of conflicts of law. The Courts of the United Kingdom shall have exclusive jurisdiction over any controversy arising under this Agreement and the parties waive any claim or defen[s]e that such forum or venue is not convenient or proper.[1]

Dkt. 8-2 at 15. Everts submitted her two-week notice in August 2021. Heaven Media filed suit against Everts in Texas state court, alleging that in July 2021, she had used its confidential and proprietary information to attempt to divert business opportunities from Heaven Media to a new competing venture, Reset Nation, LLC. Everts removed the action to this Court on the basis of diversity, and Heaven Media filed an amended complaint, adding Reset Nation as a defendant.

On May 10, 2022, the District Court entered an order granting Defendants' motion to dismiss for *forum non conveniens*, finding that the forum selection clauses designating the United Kingdom as the proper forum were valid and enforceable. Dkt. 29. Everts and Reset Nation ("Defendants") now move the Court for an award of attorneys' fees.[2]

---

[1] The Freelance Contractor Agreement refers to the laws and courts of "England and Wales," while the Confidentiality and Non-Disclosure Agreement refers to the laws and courts of the "United Kingdom." The District Court concluded that "this difference is of no consequence to the analysis of the legal issues presented," and referred to the laws and courts of the United Kingdom. Dkt 29 at 3 n.3. The Magistrate Court will do the same.

[2] The District Court denied Defendants' fee request due to lack of support, but ordered that Heaven Media bear court costs and subsequently granted Defendants leave to file this Motion. Dkt. 29 at 9; Dkt. 36.

## II.     Analysis

Defendants argue that they are entitled to an award of attorneys' fees under (1) the laws of the United Kingdom, (2) Section 38.001 of the Texas Civil Practice and Remedy Code, and (3) 28 U.S.C. § 1927. Heaven Media responds that Defendants have failed to establish the law of the United Kingdom to a reasonable degree of certainty, and therefore the law of the forum should apply. The Court concludes that Defendants are entitled to an award of fees under UK law and therefore need not address the parties' alternative arguments.

### A. Law Governing Attorneys' Fees

Under the "American Rule," each litigant generally pays her own attorneys' fees in federal court, but this "background principle" can be altered or amended by contract. *Tejero v. Portfolio Recovery Assocs., LLC*, 993 F.3d 393, 395 (5th Cir. 2021) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) ("Each litigant pays his own attorney's fees, win or lose, unless a statue or contract provides otherwise.")). In contrast, under the "English Rule," attorney fees generally are allowed to the prevailing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 241, 247 (1975).

In diversity cases such as this one, federal courts apply the forum state's conflict-of-law rules to determine the substantive law to be applied in the case. *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 & n.28 (5th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Texas law, the substantive law chosen by the parties to govern their contractual rights applies "unless the forum has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998). "Texas choice of law rules recognize the parties' autonomy to select the law to be applied to their contract." *Exxon Corp. v.*

*Burglin*, 4 F.3d 1294, 1298 (5th Cir. 1993) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990)).

In this case, the Agreements clearly specify that the laws of the United Kingdom govern any dispute arising under them. A substantial relationship exists between the parties and the United Kingdom because Heaven Media is a private limited company based in the United Kingdom and the contracts pertain to Everts' employment with Heaven Media. *See Varco*, 161 F.3d at 919 (holding that substantial relationship existed where party was incorporated in forum state and did business there); *see also Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215, 224 (5th Cir. 2020) (holding that identical choice-of-law clause dictated that English law apply and that substantial relationship existed where plaintiff was a Texas entity and defendant was a resident of the United Kingdom); *cf. RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 220 (S.D.N.Y. 2006) (finding that contract clause selecting UK law incorporates English Rule on attorneys' fees under New York choice of law principles).

Although the Agreements do not directly address the issue of attorneys' fees, the Fifth Circuit Court of Appeals has established that such fees are part of the substantive right of a suit, and therefore the substantive law applied to the underlying claims also governs the award of attorneys' fees. *E.g.*, *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005) (citing *Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). This is true where the substantive law is determined by contract. *See, e.g.*, *Exxon*, 4 F.3d at 1302 (reviewing attorney fee award under Alaska law based on choice-of-law clause); *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 73 (5th Cir. 1987) (holding that attorneys' fees were governed by Illinois law pursuant to valid choice-of-law clause); *see also Newcsi, Inc. v. Staffing 360 Sols., Inc.*, No. 14-CV-557-LY, 2016 WL 184432, at *2 (W.D. Tex. Jan. 15, 2016) ("[C]lear Fifth Circuit precedent holds that in

4

litigation based on a contract containing a valid and enforceable choice of law clause, the parties' choice of law governs both the interpretation of the contract and the award of attorney's fees."), *R. & R. adopted as modified*, 2016 WL 4240070 (W.D. Tex. Apr. 18, 2016). Although each of these cases concerns state law provisions, courts in this Circuit have applied foreign law where, as here, a valid choice-of-law clause designates that foreign law applies. *Wavelinq, Inc. v. JDS Lightwave Prod. Grp., Inc.*, No. 3:01-CV-1752-N, 2005 WL 8158029, at *2 (N.D. Tex. Aug. 17, 2005) (applying fee-shifting under Ontario law based on choice-of-law clause), *aff'd in part and rev'd in part on other grounds*, 289 F. App'x 755 (5th Cir. 2008). Accordingly, applying Fifth Circuit precedent to the choice-of-law provisions in the Agreements, the Court concludes that the law of the United Kingdom governs the award of attorneys' fees in this case.

In support of its argument to the contrary, Heaven Media relies on *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996), in which the Fifth Circuit affirmed denial of attorneys' fees for failure to comply with procedural requirements. In a footnote, the court stated: "While we do not address the merits of [plaintiff's] claim for fees under the choice-of-law provision in the license agreement, we note our skepticism that such a clause targeting interpretation of the contract terms also incorporates English fee-shifting." *Id.* at 765 n.5. This statement is dicta and therefore does not control the question now before the Court. *In re Texas Grand Prairie Hotel Realty, L.L.C.*, 710 F.3d 324, 331 (5th Cir. 2013) (stating that dictum is not controlling precedent). The license agreement in *United Industries*, moreover, contained a choice-of-law provision far narrower than those in the Agreements, stating only that "this agreement shall be interpreted and the rights of the parties determined in accordance with English law." *Id.* at 763. For these reasons, the Court is not persuaded that the footnote in *United Industries* controls the outcome here.

Heaven Media also contends that Defendants have not satisfied Federal Rule of Civil Procedure 44.1, which states that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Heaven Media cites *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 247 (5th Cir. 2016), in which neither party asked the court to apply Mexican law under a contract amendment and the court did not consider whether Mexican law applied. In that case, the Fifth Circuit applied the law of the forum, stating: "In the absence of sufficient proof to establish with reasonable certainty the substance of the foreign principles of law, the modern view is that the law of the forum should be applied." *Id.* (quoting *Symonette Shipyards, Ltd. v. Clark*, 365 F.2d 464, 468 n. 5 (5th Cir. 1966)). Here, in contrast, the forum selection and choice-of-law clauses have been at issue since the beginning of this case. The Court finds that Heaven Media, the British company that wrote the Agreements, had sufficient notice of the application of UK law. *See Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 496-97 (5th Cir. 2009) (stating that Rule 44.1 is intended to "avoid unfair surprise," not to "set any definite limit on the party's time for giving the notice of an issue of foreign law") (quoting FED. R. CIV. P. 44.1 advisory committee's note to 1966 adoption)); *Wavelinq*, 289 F. App'x at 767 (holding that party's foreign law arguments were not waived under Rule 44.1 where party argued foreign law applied to contractual issues since beginning of lawsuit).

A party moving to apply foreign law has the "burden of proving its substance to a reasonable certainty such that the district court could apply it to the documents-at-issue." *In re Avantel, S.A.*, 343 F.3d 311, 322 (5th Cir. 2003). "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." FED. R. CIV. P. 44.1. A district court has wide latitude in

6

determining whether a party has adequately proved the substance of foreign law. *Avantel*, 343 F.3d at 322. The parties do not dispute the relevant provisions of the United Kingdom Civil Procedure Rules ("C.P.R.") Part 44. *See* Dkt. 38 at 18. Defendants have established UK law such that the Court is able to apply it. The laws of the United Kingdom therefore govern whether Defendants can recover attorneys' fees, and if so, the amount.

### B. Attorneys' Fees under the Laws of the United Kingdom

Defendants argue that they have obtained a final judgment in their favor and therefore are entitled to an award of attorneys' fees as the prevailing party under UK law. Defendants cite C.P.R. 44.2, which states that, in awarding and determining fees, courts may consider (1) "whether a party has succeeded on part of its case, even if that party has not been wholly successful," and (2) "whether it was reasonable for a party to raise, pursue or contest a particular allegation or issue." Heaven Media responds that, "in situations where an interim order is entered to 'hold the ring' until trial, 'the costs of the application will be usually reserved' until the merits are ultimately decided." Dkt. 38 at 18 (quoting *Richardson v Desquenne et Jiral UK Ltd* [1999] C.P.L.R. 774, 1999 WL 1071262 (U.K.)).

The Court finds Heaven Media's argument unavailing. The District Court's dismissal of this action on the basis that the forum-selection clauses were valid and enforceable is not equivalent to an interim order entered to "hold the ring." In *Richardson*, 1999 WL 1071262, at *8, the English Court of Appeals set aside an order for costs associated with an interim order because the interim order continued an injunction based on the "balance of convenience" and there were no "successful or unsuccessful parties." Defendants' motion to dismiss this action for *forum non conveniens* was granted and a final judgment has been entered. The Court therefore finds that Defendants are entitled to attorneys' fees under the laws of the United Kingdom.

**C. Amount of Attorneys' Fees**

Under UK law, "the general rule is that the unsuccessful party will be ordered to pay the costs of the successful party." C.P.R. 44.2. The parties agree that the Court has considerable discretion as to the amount of fees to award. C.P.R. 44.3 states that a court assessing costs on the standard basis must "only allow costs which are proportionate to the matters in issue" and "resolve any doubt which it may have as to whether costs were reasonably and proportionately incurred or were reasonable and proportionate in amount in favour of the paying party."[3]

In determining whether fees are reasonable and proportionate, C.P.R. 44.4 provides that a court should consider the following factors:

> (1) the conduct of all the parties before and during the proceedings, including efforts made to resolve the dispute;
>
> (2) the amount or value of any money or property involved;
>
> (3) the importance of the matter to all the parties;
>
> (4) the particular complexity of the matter or the difficulty or novelty of the questions raised;
>
> (5) the skill, effort, specialised knowledge, and responsibility involved;
>
> (6) the time spent on the case;
>
> (7) the place where and the circumstances in which work or any part of it was done; and
>
> (8) the receiving party's last approved or agreed budget.

The fee calculation method is similar to what is commonly called the "lodestar method" in American law, in which the fee amount equals the number of hours an attorney reasonably spent on the case multiplied by a reasonable hourly rate (the market rate in the community for the work).[4]

---

[3] Defendants have not argued that costs should be assessed on an indemnity basis, according to which any doubt would be resolved in favor of Defendants. The Court therefore proceeds under the standard basis.

[4] Under the lodestar method, a court may enhance or decrease the amount of fees calculated for the lodestar amount based on the following factors: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

*Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). A reasonable fee thus requires determining the hours reasonably expended and a reasonable rate.

1. **Hourly Rates**

To establish a reasonable hourly rate, courts look to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). It is the movant's burden "to produce satisfactory evidence, in addition to [their] attorney's affidavit, that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Burns v. Nielsen*, No. 17-CV-00264-DCG, 2021 WL 534711, at *4 (W.D. Tex. Feb. 12, 2021) (quoting *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985)).

Lead counsel Michael P. Royal submitted a declaration in support of Defendants' Motion for Attorney's Fees in which he sets out the biographical information for each of the four attorneys who worked on this case and avers that the rates charged are reasonable for litigation of a complex unfair competition action in the Austin, Texas area, as follows:

- Royal, a shareholder in Littler Mendelson, P.C., based in the firm's Dallas, Texas office, has been licensed to practice in Texas for 30 years. He practices in unfair competition, misappropriation of trade secrets, breach of restrictive covenants, and employment torts. His hourly rate in this case is $750.

- M. Scott McDonald is a shareholder based in Littler's Dallas office with over 30 years of experience in employment and labor law. His hourly rate in this action is $860.[5]

- Andrew R. Gray is an associate in Littler's Austin, Texas office. He is a 2017 law school graduate practicing exclusively in labor and employment matters, and his hourly rate in this action is $525.

---

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

[5] McDonald billed for only one hour of work on this matter. Dkt. 37 at 22.

9

- Lucas Meng also is a 2017 law school graduate and an associate in Littler's Austin office. He practices in labor and employment matters and completed two federal court clerkships. His hourly rate in this action is $390.

Defendants request $73,892.00 in fees for 122.7 hours worked, resulting in a blended hourly rate of $602.22. Heaven Media does not contest the hourly rates. The Court finds that the blended hourly rate of $602.22 is within the reasonable market rate in the Austin Division of the Western District of Texas. *See MidCap Media Fin., LLC Pathway Data, Inc. v. MidCap Media Fin.*, LLC, No. 1:15-CV-00060-SH, 2021 WL 4267719, at *3 (W.D. Tex. Sept. 20, 2021) (approving hourly rates of $530 and $495 for midlevel associate work in Austin area); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1-15-CV-00060-AWA, 2018 WL 7890668, at *3 (W.D. Tex. Dec. 19, 2018) (approving hourly rates of $755 and $725 for partner work in Austin area).

### 2. Time Expended

Next, the Court reviews the time records to determine whether the hours expended on the case are reasonable. Defendants correctly point out that Heaven Media fails to properly challenge the fees sought, stating in its Response only that: "If the Court is inclined to award fees in this case, it should greatly reduce any award as set forth in the attached Declaration of Craig A. Duewall." Dkt. 38 at 19. Heaven Media attached counsel's five-page declaration to its twenty-page brief, thus violating Local Rule CV-7(c)(2). Although the Court could strike the declaration on this basis, it proceeds to address the arguments in Duewall's declaration in assessing whether the time defense counsel expended on this case was reasonable.

#### a. Redacted Entries

First, Heaven Media contends that redacted portions of time entries by counsel for Defendants should be excluded. Defendants respond that they are not requesting fees associated with the redacted time entries. Heaven Media's objection therefore is moot.

### b. Temporary Restraining Order and Discovery

Heaven Media next contends that the time defense counsel billed for work on its motion for temporary restraining order and discovery are excessive because it agreed to hold those issues in abeyance until the motion to dismiss was decided. Duewall does not state when this offer was made. The record does not show that Heaven Media's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 11) and Opposed Motion for Expedited Discovery (Dkt. 13) were withdrawn or stayed, and Defendants filed responses to both motions. On March 17, 2022, the District Court denied Heaven Media's request for a temporary injunction and left the request for preliminary injunction pending. Dkt. 21. Counsel for Defendants billed no time related to these motions after the District Court's Order. The Court finds that Defendants are entitled to the fees sought for work on the temporary restraining order and discovery.

### c. Motion to Dismiss

Finally, Duewall argues that fees for time spent preparing, filing, and arguing a motion to dismiss should not exceed $20,000. He also contends that defense counsel's time entries reflect duplicative and unnecessary work, but identifies no specific entries. The Court finds that the narrative descriptions of the time entries reflect time reasonably expended, not duplicative or excessive work.

### 3. Computation

Based on the foregoing analysis and consideration of the relevant factors identified in C.P.R. 44.4, the Court finds that Defendants are entitled to their requested award of $73,892 in attorney fees, comprising 122.7 hours reasonably worked at the reasonable average hourly rate of $602.22. The Court finds that this award is proportionate to the results obtained by Defendants in light of the importance, complexity, and value of the dispute, given that Heaven Media sought monetary relief exceeding $1 million as well as injunctive relief. Dkt. 1-4 ¶ 9.

## III. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Attorney's Fees (Dkt. 37) and award attorneys' fees in the amount of $73,892.00.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 6, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE